UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LYNGAAS, D.D.S.,
individually and as the representative
of a class of similarly situated persons,

        Plaintiff,

vs.

CURADEN AG, et al.,

        Defendants.

_____/

Case No. 17-cv-10910
Hon. Mark A. Goldsmith

CLASS ACTION

## OPINION & ORDER
## DENYING DEFENDANTS' MOTION TO STAY (Dkt. 91)

On May 23, 2019, this Court entered an Opinion and Order which, <u>inter alia</u>, certified a class (Dkt. 89). Defendants Curaden AG and Curaden USA have appealed this ruling pursuant to Federal Rule of Civil Procedure 23(f), and now ask the Court to stay this case while the appeal is pending (Dkt. 91). Plaintiff Brian Lyngaas opposes Defendants' motion. For the reasons that follow, the Court denies Defendants' motion to stay.

## I.    STANDARD OF REVIEW

Rule 23(f) confers discretion upon the district court to stay proceedings pending appeal of an order granting or denying class certification. On a motion to stay pending appeal, the Court considers "(1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies." <u>Baker v. Adams Cty./Ohio Vally Sch. Bd.</u>, 310

1

F.3d 927, 928 (6th Cir. 2002); see also Beattie v. CenturyTel., Inc., No. 02-10277, 2006 WL 1722207, at *2-*3 (E.D. Mich. June 20, 2006) (applying these factors to a motion to stay pending a Rule 23(f) appeal). These factors are to be balanced. The strength of the likelihood of success on the merits that must be demonstrated is inversely proportional to the degree of irreparable harm that will be suffered absent a stay. Baker, 310 F.3d at 928.

## II.    ANALYSIS

### A.    Likelihood of success on the merits

Turning first to Defendants' likelihood of success on the merits, the Court finds that this factor weighs against issuing a stay. Defendants' burden with respect to showing a likelihood of success on the merits is two-fold: they must show that it is likely that their Rule 23(f) petition will be granted, and that they will prevail on the merits of their petition. In re Polyurethane Foam Antitrust Litig., No. 10-md-2196, 2014 WL 12591692, at *1 (N.D. Ohio May 16, 2014).

As an initial matter, the Sixth Circuit may decide not to hear Defendants' appeal. A Rule 23(f) appeal "is never to be routine," and "Rule 23(f) appeals will be the exception, not the norm." In re Delta Air Lines, 310 F.3d 953, 959-960 (6th Cir. 2002). Although there is no "hard-and-fast test" that the Sixth Circuit uses to determine whether to grant a Rule 23(f) petition, the Sixth Circuit has explained that it may allow an appeal when the class certification decision is essentially a "death-knell" for the litigation, when the case raises "a novel or unsettled question," or when a petitioner has a particularly strong likelihood of success on the merits under the deferential abuse-of-discretion standard, among other bases. Id.

The Court finds it unlikely that the Sixth Circuit would hear the appeal on the theory that this Court's decision would be a "death-knell" for the litigation. In Delta, the Sixth Circuit explained that a defendant who contends that the costs of continuing litigation would present such

a barrier that later review would be hampered "must go beyond a general assertion," and "provide the court insight into potential expenses and liabilities." 310 F.3d at 960. Defendants' petition, attached as an exhibit to the motion to stay, stresses that damages in this case "possibly exceed[] $30 million," but does not provide any further detail regarding Defendants' inability to continue this case without review of the class certification order. Pet. for Permission to Appeal, Ex. 1 to Defs. Mot., at 20 (Dkt. 91-1). This does not provide the insight the Sixth Circuit requires.

The Court also finds it unlikely that the Sixth Circuit would grant Defendants' petition on the grounds of a strong likelihood of success on the merits. The Court carefully considered the arguments raised by Defendants in connection with the motion for class certification, and Defendants have offered no new substantive arguments that would lead this Court to reconsider its conclusions. For the reasons set forth in this Court's May 23, 2019 Opinion, the Court cannot conclude that Defendants have a strong likelihood of succeeding on the merits.

It may be that the Sixth Circuit decides to hear the appeal based on novel or unsettled issues of class certification law. Defendants raise three grounds for the Sixth Circuit to reverse this Court's decision on class certification: (1) the Court certified a class consisting of out-of-state Plaintiffs; (2) the class includes members who may have received an e-fax; and (3) the Court certified a class even though Plaintiff did not present admissible evidence supporting his argument. The second ground does not go to an issue of class certification; it concerns the merits of the case, making it unlikely that the Sixth Circuit would decide to consider it on a Rule 23(f) appeal. Delta, 310 F.3d at 960 (noting that cases raising a novel or unsettled question "weigh more heavily in favor of review when the question is of relevance not only in the litigation before the court, but also to class litigation in general"). While the first and third grounds admittedly present unsettled

issues of law in this Circuit, the Sixth Circuit may determine that those issues are better resolved at the end of the case rather than on interlocutory appeal.

Nonetheless, it is unlikely that, if the Sixth Circuit does take the appeal, Defendants would prevail on appeal. An order granting class certification "is subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion." Olden v. LaFarge Corp., 383 F.3d 495, 507 (6th Cir. 2004). For the reasons set forth in the Court's May 23, 2019 Opinion, Defendants' arguments are unlikely to prevail. The first factor weighs against granting a stay.

### B.       Irreparable harm to Defendants

The second factor for this Court to consider is whether Defendants would be irreparably harmed, absent a stay. "A showing of irreparable harm requires more than a reference to litigation costs associated with continued district court proceedings, or to settlement pressures." Polyurethane Foam, 2014 WL 12591692, at *4. As with the petition itself, Defendants offer general statements regarding finances, but fail to provide any specific information. They simply assert that they are "small businesses" and could be forced to settle because they "are not the kind of large companies that could withstand an enormous class action verdict." Defs. Mot. at 15. The Court is unwilling to find, based on these vague assertions, that Defendants would suffer irreparable harm if the case were to continue during the pendency of Defendants' appeal. This factor weighs against staying the proceedings.

### C.       Injury to other interested parties

Defendants argue that Lyngaas has an interest in staying the case, as a stay will avoid unnecessary expense. Defs. Mot. at 16. As Lyngaas points out, however, it is always the case that a stay would, at least temporarily, relieve the parties and the Court of the costs of continued

litigation. And the Court has already determined that Defendants are unlikely to succeed on appeal, meaning that Lyngaas will eventually face these costs. Defendants fail to show that this factor weighs in favor of staying the proceedings.

### D. Public interest

Lastly, Defendants argue that the public interest weighs in favor of entering a stay, as class members will receive notice of the class proceedings and may rely upon this notice. Defs. Mot. at 17. If the Sixth Circuit decertifies the class, Defendants argue, the parties will have to send out another round of notices to class members. Defendants point to Powell v. Tosh, No. 09-121, 2012 WL 1202289 (W.D. Ky. Apr. 10, 2012), where the district court found that the potential for the court to need to issue a corrective notice if its order regarding certification was reversed could create "significant confusion among the potential class members," and stayed the proceedings. Id. at *5.

It is unclear what confusion might result from class members receiving a corrective notice regarding class certification. Class members would initially receive a notice informing them that they are part of a class action unless they decide to opt out; should the Sixth Circuit decertify the class, the class member would later be told that he or she is no longer part of a class action. The Court sees no reason to assume that the class members are incapable of understanding any notice that is sent to them. As for any reliance that a class member would place on receiving the initial class notice, there would be no prejudice to the class member, as "[t]he filing of a class action complaint tolls the statute of limitations for all putative class members . . . until class certification is denied." In re Behr Dayton Thermal Prods., LLC Litig., No. 08-326, 2012 WL 559913, at *4 (S.D. Ohio Feb. 21, 2012) (citing Crown, Cork & Seal, Inc. v. Parker, 462 U.S. 345, 353-354 (1983)).

Further, "[t]he public has an interest in prompt resolution of the cases that will be tried," Polyurethane Foam, 2014 WL 12591692, at *4, and this case has already been pending for more than two years. The Court finds that this fourth factor also weighs against issuing a stay.

For these reasons, the Court finds that the balance of considerations weighs against staying the case pending Defendants' Rule 23(f) appeal.

### III. CONCLUSION

For the reasons provided, the Court denies Defendants' motion to stay (Dkt. 91).

SO ORDERED.

Dated: June 27, 2019               s/Mark A. Goldsmith
    Detroit, Michigan            MARK A. GOLDSMITH
                                     United States District Judge