UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LYNGAAS, D.D.S.,
individually and as the representative
of a class of similarly situated persons,

        Plaintiff,               Case No. 17-cv-10910
                                   Hon. Mark A. Goldsmith

vs.

                                   CLASS ACTION

CURADEN AG, et al.

        Defendants.
_____/

**OPINION & ORDER**
**GRANTING PLAINTIFF'S MOTION FOR ORDER APPROVING CLASS NOTICE**
**AND SETTING A DATE FOR OPT-OUTS (Dkt. 93)**

On May 23, 2019, this Court entered an order certifying the following class: "All persons or entities who were successfully sent one or more facsimiles in March 2016 offering the Curaprox '5460 Ultra Soft Toothbrush' for '.98 per/brush' to 'dental professionals only.'" 5/23/2019 Op. & Order at 38 (Dkt. 89). Plaintiff Brian Lyngaas now asks this Court to enter an order approving his proposed class notice, setting a thirty-day deadline for class members to opt out, and directing dissemination of the class notice by facsimile and by U.S. mail (Dkt. 93). Defendants Curaden AG and Curaden USA object to certain portions of Lyngaas' proposed notice.

The Federal Rules require the Court to provide class members "the best notice that is practicable under the circumstances," made by U.S. mail, electronic means, or other appropriate means. Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely state:

      (i) the nature of the action;

      (ii) the definition of the class certified;

1

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

The Court has reviewed Plaintiff's proposed notice and finds, subject to certain provisions discussed further below, that it satisfies each of the requirements of Rule 23(c)(2)(B). It defines the class; describes the pending lawsuit, including the positions of the parties; informs class members that they may retain an attorney if they wish; sets forth a class member's options (to remain in the class or exclude herself from the class) and explains the risks of each; puts forth the procedure for requesting exclusion, including the timeframe for a class member to do so and the method the class member must use; informs the class member that all class members will be bound by the result of the lawsuit; and directs a class member to contact class counsel with any specific questions. Notice of Pending Class Action, Ex. A to Pl. Mot. (Dkt. 93-2). All of this information is set forth in plain, easy-to-understand language.

As for the method of providing this notice, Plaintiff proposes sending the notice to each of the fax numbers that he claims received one or more of the faxes at issue in the case. Pl. Mot. at 6. For each fax that cannot be sent successfully after three attempts, Plaintiff proposes sending the notice by U.S. Mail to the address last known to have been associated with that fax number. Id. Plaintiff points to several courts that have approved notification via faxes in TCPA class action cases. See, e.g., Family Medicine Pharm., LLC v. Holdings, No. 15-0563, 2016 WL 7320885, at

*7 (S.D. Ala. Dec. 14, 2016) (observing that "the vast majority of class members should be readily reachable via those same fax numbers to which the offending faxes giving rise to their claims were sent"); City Select Auto Sales, Inc. v. David Randall Assocs., Inc., No. 11-2658, 2014 WL 413533, at *1-*2 (D.N.J. Feb. 3, 2014) (noting "the irony of using faxes to disseminate class notice in a lawsuit regarding unsolicited fax advertisements," but concluding that the plaintiff's proposed method of faxing or, after three unsuccessful fax transmissions, U.S. mail, was "the most practicable"). The Court agrees that this method provides the best notice practicable under the circumstances, in accordance with Rule 23.

Nonetheless, Defendants raise several objections to content of the proposed notice. First, they contend that the proposed method of opting out – mailing opt-out requests to the Clerk of the Court and to Plaintiff's class counsel – is unduly restrictive. The Federal Rules require the method of opting out to be "as convenient as possible, while protecting against unauthorized opt-out notices." Advisory Comments to Fed. R. Civ. P. 23. Defendants contend that class members must be allowed to email, fax, or call Plaintiff's counsel in order to opt out; at the very least, Plaintiff should provide prepaid postage for recipients of the notice. Defs. Resp. at 4 (Dkt. 99).

The Court agrees that it would be more convenient for a class member to fax or email Plaintiff's counsel in order to opt out of the class. These methods will ensure that there is written documentation of a class member's request. Accordingly, Plaintiff shall revise the notice form in order to provide an email address and a fax number to which a class member can direct an opt-out request. The notice should also provide that a class member may opt out by mailing a request to Plaintiff's counsel (though class members need not send a mailing to the Clerk of the Court). Plaintiff need not include prepaid postage for the class members, as the nominal price of a stamp

3

is unlikely to deter a class member from opting out and, at any rate, the class member is able to opt out through electronic means.

Next, Defendants argue that the notice should explain to class members that case documents can be accessed electronically through PACER. Defs. Resp. at 8. As proposed, the notice provides that an individual can view and copy the documents by visiting the courthouse. The Court agrees that this information would be helpful to class members and orders that it be added to the notice.

Next, Defendants contend that class members should be provided with contact information for Defendants' counsel as well as class counsel. Id. at 8. The Court sees no reason that class members need to be provided this information. Defendants cite no authority stating that the notice must or even should provide class members with a way of contacting defense counsel, and the Court is mindful of class members' status as clients or quasi-clients of Plaintiff's counsel. See, e.g., Impervious Paint Indus., Inc. v. Ashland Oil, 508 F. Supp. 720, 722-723 (W.D. Ky. 1981) ("During the time between the institution of a class action and the close of the opt-out period, the status of plaintiffs' counsel in relation to the class members cannot be stated with precision. . . . However, . . . we believe the implication is unavoidable that defendants' counsel must treat plaintiff class members as represented by counsel[.]"); see also DaSilva v. Border Transfer of MA, Inc., No. 16-11205, 2018 WL 1567626, at *2 (D. Mass. Feb. 1, 2018) ("[W]here, as here, a class has already been certified, an attorney-client relationship arises between absent class members and class counsel.").

Defendants also contend that class members should be informed that Defendants have petitioned for appeal of the class certification issue. Defs. Resp. at 8-9. Defendants point to Federal Rule 23(d)(1)(B)(i), which provides that "the court may issue orders that require – to

protect class members and fairly conduct the action – giving appropriate notice to some or all class members of . . . any step in the action[.]"  While the Court <u>may</u> provide notice of any step in the action, nothing in the Federal Rules requires that the notice contain this information.  The Court finds no reason that a class member would need to be made aware of the fact that Defendants have brought a Rule 23(f) appeal.

Finally, Defendants take issue with the statement on the proposed notice that instructs class members not to contact "the Judge, the Judge's staff, or the Clerk of the Court because they cannot answer your questions or give you advice about this case."  Defs. Resp. at 9.  They claim that this is an effort by Plaintiff's counsel to unilaterally control communications with class members.  The Court disagrees.  As Defendants acknowledge, the Court cannot give any class member advice about the case and a call to the Court would be of little assistance to any class member.  The notice already informs class members how they may learn more information about the case – either by visiting the courthouse or accessing documents through PACER – and there is no additional information that this Court could provide.  However, as the notice also provides that class members may view the documents in this case by visiting the Clerk's Office, the prohibition from contacting the Clerk of the Court may cause confusion.  Plaintiff shall revise the notice to instruct class members not to contact the Judge or the Judge's staff.

For the reasons provided, Plaintiff's motion for class notification is granted subject to the terms and conditions set forth in this Order.  Plaintiff shall send out notice to all class members on or before July 12, 2019.  Notice shall be sent to each of the fax numbers identified as having been sent one or more of the faxes at issue in this case; for each fax that cannot be sent successfully after three attempts, notice shall be sent by U.S. Mail to the address last known or suspected to

have been associated with that fax number.  Class members shall have until August 12, 2019 to

opt out of the class.

SO ORDERED.


Dated:  July 3, 2019                                    s/Mark A. Goldsmith
           Detroit, Michigan                         MARK A. GOLDSMITH
                                                     United States District Judge