# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRIAN LYNGAAS, D.D.S., individually
and as the representative of a class of
similarly-situated persons,

               Plaintiff,

      v.

CURADEN AG, CURADEN USA INC.,
and JOHN DOES 1-12,

              Defendants.

Case No. 17-cv-10910
Hon. Mark A. Goldsmith

CLASS ACTION

## JOINT FINAL PRETRIAL ORDER

Pursuant to the Court's March 16, 2018 Case Management and Scheduling Order, Section IV. Final Pretrial Conference and Joint Final Pretrial Order, in lieu of E.D. Mich. L.R. 16.2(b) as directed (ECF 45, pp. 7-10, Pg ID 863-866)), and its "Order Setting Dates" (ECF 92), the Parties hereby submit this Proposed Joint Final Pretrial Order.

**a)**   **Jurisdiction:**

1.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. *See also Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012). Subject matter jurisdiction is not contested by any party.

2.    Curaden AG has contested personal jurisdiction over it in this action with respect to all claims.  In addition, both Curaden AG and Curaden USA, Inc. ("Curaden USA") have both also contested this Court's jurisdiction over them as it

relates to the claims of potential class members who do not reside in Michigan and who did not receive the subject fax advertisements in Michigan. Plaintiff has opposed Defendants' motions on both personal jurisdiction theories. The Court has made pre-trial rulings on these issues.

**b)**   **Trial:**

1.   No party made a jury demand. This case will be tried to the Court.

2.   Plaintiff Brian Lyngaas, D.D.S., and the certified class, estimate they will need three to four full days of trial. Defendants Curaden AG and Curaden USA, Inc. (collectively "Defendants") estimate they will need one full day of trial.

**c)**   **Settlement:**

1.   Plaintiff communicated a written settlement demand to Defendants on June 19, 2019. Counsel discussed it in a June 24, 2019, telephone conference. Defendants have communicated that the demand was rejected. Magistrate Judge Majzoub conducted a settlement conference on September 9, 2019. ECF 45, p. 6 (III. A.-C. Alternative Dispute Resolution).

**d)**   **Statement of Claims and Defenses:**

   **(i)**   **the elements of the claim;**

1.   Plaintiff brings a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA"), on behalf of himself and the following certified class: "All persons or

entities who were successfully sent one or more facsimiles in March 2016 offering the Curaprox '5460 Ultra Soft Toothbrush' for '.98 per/brush' to 'dental professionals only.'" ECF 89 & 100 (orders granting motion for class certification and class notice).[1]

2.    As the Court opined previously, "The TCPA provides that it 'shall be unlawful for any person within the United States, or any person outside the United States … to use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine.'" ECF 89, PageID 11206 citing 47 U.S.C. § 227 (b) (1) (C).

3.    The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

4.    A "sender" of facsimiles is: "'the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement.'" 47 C.F.R. § 64.1200(f)(10) and citing *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627 (6th Cir. 2015); *Siding & Insulation Co. v. Alco Vending, Inc.*, 822 F.3d 886 (6th Cir. 2016); and *Health One Medical Center, Eastpointe P.L.L.C. v. Mohawk, Inc.*, 889 F.3d 800 (2018).

---

[1]    Plaintiff is not presenting the conversion claim (Count II of the Complaint) at trial.

5.     The TCPA provides statutory liquidated damages in the amount of $500 per violation. 47 U.S.C. § 227 (b) (3) (B) (creating private right of action "to recover for actual monetary loss for such violation, or to receive $500 in damages for each such violation, whichever is greater"). The Court, in its discretion, may treble the statutory damages if the Court determines that a violation was knowing or willful. 47 U.S.C. § 227 (b) (3). The TCPA also provides for injunctive relief. *Id.*

6.     Plaintiff seeks statutory damages for each fax that was successfully sent, treble damages for willful and knowing conduct, and injunctive relief. Plaintiff requests that the Court enter judgment in its favor and award a total of $32,952,000 for Defendants' 65,904 alleged violations of the TCPA. Plaintiff further requests that the Court treble damages for Defendants' alleged knowing and willful violations, and enjoin Defendants from further violations of the TCPA.

**(ii)    the principal fact in support of the claim, both as to liability and damages, indicating whether the fact is contested or uncontested;**

**Uncontested Facts/Stipulations:**

1.     On March 8, 2016 and March 28, 2016, Plaintiff, a dentist whose practice is located in Livonia, Michigan, received faxes advertising the Curaprox Ultra-Soft CS 5460 toothbrush. *Id.*, at, PageID11201.

2.     Defendant Curaden AG, a Swiss entity, manufactures toothbrushes, including the Curaprox Ultra-Soft 5460. *Id.*

4

3.      The faxes at issue in this case were sent at the direction of Defendant Curaden USA, Inc. *Id.*

4.      Curaden USA employee Diane Hammond created the fax advertisements, both of which state that an order of toothbrushes should be emailed to         diane@curaproxusa.com         or         ordered         online         at www.curaproxusaprofessional.com. *Id.*

5.      Curaden USA is authorized to promote Curaden AG products, including the Curaprox Ultra-Soft 5460, throughout the United States. *Id.*

6.      Curaden AG authorized Curaden USA to use its trademarks, images, graphics, and pictures when promoting Curaden AG products. *Id.*

7.      Curaden AG had the right to approve all marketing done by its distributors, but Curaden USA did not need prior approval from Curaden AG to use its marketing materials. *Id.*

8.      Curaden USA did not send the faxes itself, but instead paid a company called AdMax Marketing to do so. *Id.* At 11202.

9.      Curaden USA purchased the database and target list that was used in the fax campaigns. AdMax Marketing, in turn, hired a company called WestFax to send the faxes. *Id.* AdMax did not disclose to Curaden USA that it hired Westfax.

10.     Plaintiff is a dentist and operates a dental practice in Livonia, Michigan. ECF 62 ¶ 1; ECF 74 ¶ 1.

11.     Plaintiff owns and operates a fax machine with the telephone number 248-473-7490 for use within his dental practice. ECF 62 ¶ 2; ECF 74 ¶ 2.

12.     Plaintiff did not expressly invite or permit either Defendant to send him any advertisement by facsimile. ECF 62 ¶ 4; ECF 74 ¶ 4.

13.     Clifford zur Nieden is a managing director at Curaden AG. ECF 62 ¶ 7; ECF 74 ¶ 7.

14.     From July 2014 through December 2016, Patrice Le Maire was the President of Curaden USA and in charge of all Curaden USA's operations. ECF 62 ¶ 9; ECF 74 ¶ 9.

15.     Dale Johnson is a vice president and managing director for Curaden USA. ECF 62 ¶ 11; ECF 74 ¶ 11.

16.     Curaden AG owns the trademarks, including "Curaprox," but Curaden USA does not. ECF 62 ¶ 17; ECF 74 ¶ 17.

17.     Curaden AG issues "guidelines" to foreign distributors such as Curaden USA in a "brand book" that shows them what pictures they can use. ECF 62 ¶ 18; ECF 74 ¶ 18.

18.     Curaden AG issues the guidelines in a brand book to protect the Curaden brand. ECF 62 ¶ 19; ECF 74 ¶ 19.

19.     There is no executed written agreement between Curaden AG and Curaden USA. ECF 62 ¶ 22; ECF 74 ¶ 22.

20.     While Curaden AG has a form distributorship agreement that it uses as a template as the basis for written agreements with its subsidiary distributors, it never executed such a written agreement with Curaden USA. ECF 62 ¶ 23; ECF 74 ¶ 23.

21.     At all times relevant, Curaden USA has operated on an oral agreement with Curaden AG. ECF 62 ¶ 24; ECF 74 ¶ 24. Although Curaden USA and Curaden AG have an oral agreement, most of the tenets of the written Distribution Agreement that was exchanged (but not executed) between the parties apply. ECF 74 ¶ 24.

22.     When Curaden USA orders product from Curaden AG, it pays no money to Curaden AG. Instead, Curaden USA enters the invoices as informal long-term debt in its system. ECF 62 ¶ 26; ECF 74 ¶ 26.  Upon the sale to Curaden USA, title to the product transfers in Switzerland from Curaden AG to Curaden USA.

23.     For the last 18 years, Chad Komniey has been operating a sole proprietorship called AdMax Marketing, and doing business as Frequency Rising. ECF 62 ¶ 44; ECF 74 ¶ 44.

24.     AdMax Marketing's primary business service is "fax blasting" or fax broadcasting, and its website advertises and describes these services. ECF 62 ¶ 45; ECF 74 ¶ 45.

25.     Curaden USA paid for AdMax's fax blasting services with a credit card. ECF 62 ¶ 46; ECF 74 ¶ 46.

26.     Curaden USA paid $598.07 for the alleged transmission of 33,226 faxes. ECF 74 ¶ 48.

27.     AdMax hired Westfax to send faxes for its clients, such as Curaden USA. ECF 62 ¶ 58; ECF 74 ¶ 58. AdMax did not disclose to Curaden USA that it hired Westfax.

28.     "The faxes depict products which Curaden USA sells in the United States." ECF 62 ¶ 62; ECF 74 ¶ 62.

29.     "The advertisement was created and sent to AdMax Marketing who sent it out." ECF 62 ¶ 63; ECF 74 ¶ 63.

30.     Both the March 8, 2016 and the March 28, 2016 faxes are directed to "dental professionals" and state that an order of the toothbrushes should be emailed to diane@curaproxusa.com or can be ordered online at www.curaproxusaprofessional.com. ECF 62 ¶ 65; ECF 74 ¶ 65.

31.     "We are not aware that Curaden USA either had an EBR with plaintiff or had an invitation to send faxes [from plaintiff]." ECF 62 ¶ 67; ECF 74 ¶ 67.

32.     The March 8, 2016 fax sent to Plaintiff and the other recipients contained the following notice at the bottom: "Your number is in our private records. If we've reached you in error, or you want off our list, please call 888-879-1777 for immediate processing." ECF 62 ¶ 72; ECF 74 ¶ 72.  That notice was

not placed on the document by Curaden USA but was instead placed there by AdMax.

33.     The March 28, 2016 fax sent Plaintiff and the other recipients contained the following notice at the bottom: "Toll free do-not-fax line: 888-879-1777." ECF 62 ¶ 73; ECF 74 ¶ 73.  That notice was not placed on the document by Curaden USA but was instead placed there by AdMax.

34.     Neither the March 8, 2016 fax nor the March 28, 2016 fax stated that "the recipient may make a request to the sender not to send any future unsolicited advertisements and that failure to comply within 30 days is unlawful." ECF 62 ¶ 74; ECF 74 ¶ 74.

35.     Neither the March 8, 2016 fax nor the March 28, 2016 fax included a domestic facsimile number to send an opt-out request. ECF 62 ¶ 75; ECF 74 ¶ 75.

36.     Neither the March 8, 2016 fax nor the March 28, 2016 fax set forth the requirements for a request under 47 U.S.C. § 227 (b) (2) (E). ECF 62 ¶ 76; ECF 74 ¶ 76.

37.     Curaden USA hired AdMax to fax two flyers to a list of potential customers. Notably, Curaden USA created both flyers, acquired the distribution list, reached out to AdMax about actually faxing the flyers, and ultimately ordered AdMax to send both faxes. ECF 60 ¶ 13; ECF 76 PG ID 10977.

38.     Once the flyers were allegedly transmitted, AdMax invoiced Curaden USA for the flyers, and Curaden USA paid the invoices. All communications

regarding the creation and transmission of the flyers were between Curaden USA and AdMax. ECF 60 ¶ 14; ECF 76 PG ID 10977.

39.    The flyers themselves do not mention Curaden AG and refer all communications to diane@curaproxusa.com, which was the email address of a Curaden USA employee. ECF 60 ¶ 17; ECF 76 PG ID 10977.

**Contested Facts:**

1.    Whether Curaden AG knew of the faxes.

2.    Whether Curaden AG approved the faxes.

3.    Whether Richard Thomas' knowledge and actions regarding the faxes can be imputed to Curaden AG.

4.    Whether the faxes depict and promote Curaden AG's products.

5.    Whether Curaden AG caused the faxes to be sent.

6.    Whether the relationship between Curaden USA and Curaden AG supports the conclusion that Curaden USA actions in initiating the fax campaign were on behalf of Curaden AG.

7.    Whether 65,904 faxes were successfully transmitted to the Class.

   **(iii)   the controlling or most appropriate legal authority in support of every element of the claim;**

1.    47 U.S.C. § 227;

2.    47 C.F.R. § 64.1200;

3.    Fed. R. Evid. 803;

4.   *American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540 (6th Cir. 2014);

5.   *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627 (6th Cir. 2015);

6.   *Siding & Insulation Co. v. Alco Vending, Inc.*, 822 F.3d 886 (6th Cir. 2016); and

7.   *United States v. Bonds*, 12 F.3d 540, 566 (6th Cir. 1993).

**(iv)   the elements of every defense to the claim;**

**1.   <u>Evidentiary Defense</u>**

Plaintiff seeks to rely on inadmissible hearsay, consistent with the arguments raised previously by Defendants, including in their Motion *in Limine*.

**2.   Sender Defense**

In determining whether a party sent faxes or faxes were sent on its behalf, courts consider: the degree of input and control over the content of the fax(es), the actual content of the fax(es), contractual or expressly stated limitations and scope of control between the parties, privity of the parties involved, approval of the final draft of the fax(es) and its transmission(s), method and structure of payment, overall awareness of the circumstances (including access to and control over facsimile lists and transmission information), and the existence of measures taken to ensure compliance and/or to cure non-compliance with the TCPA. *See Siding & Insulation Co. v. Alco Vending, Inc.*, 822 F.3d 886, 898-899, (6th Cir. 2016).

**3.   Electronic Fax Defense**

The term "telephone facsimile machine" means "equipment which has the capacity to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." 47 C.F.R. 64.1200(f)(13).

An advertisement sent from a fax machine (or a computer) is not actionable if the message is transmitted to any device *other than a fax machine*.

Defendants incorporate their prior briefing on this issue into this JPTO. *See* ECF 73, 91, 95.

### 4. Express Permission Defense

1. Only *unsolicited* fax advertisements violate the TCPA. *See Bais Yaakov of Spring Valley v. FCC*, 428 U.S.App.D.C. 165, 852 F.3d 1078 (2017). For any faxes sent by Curaden USA, Inc. with express permission, such claims are not actionable.

> **(v)   the principal facts in support of the defense, both as to liability and damages, indicating whether the fact is contested or uncontested;**

### Contested Facts

1. Whether Curaden USA arranged to have AdMax send the faxes without any prior involvement or approval from Curaden AG.

2.      Whether Curaden USA created the advertisements to be faxed, made all arrangements with AdMax, and paid AdMax's invoices for both fax transmissions – all without any discussion or input from Curaden AG.

3.      Whether AdMax communicated with Curaden AG, received input from Curaden AG regarding the faxes, or dealt solely with Curaden USA regarding the faxes.

4.      Whether Curaden AG received complaints (prior to the filing of this lawsuit) regarding faxes sent by Curaden USA.

5.      Whether Curaden AG only learned about the flyers when it was served with this lawsuit.

6.      Whether Plaintiff can produce admissible and properly authenticated evidence regarding which putative class members allegedly received the subject faxes.  This issue has been briefed by the parties, including as part of the Motions *in Limine*.

7.      Whether Curaden USA has express permission from certain putative class members to send them fax advertisements. This issue also has been briefed by the parties, including as part of the Motions *in Limine*.

8.      Whether the subject faxes were transmitted to telephone facsimile machines, as that term is defined under the TCPA.

9.      Defendants incorporate the contested facts listed above under Plaintiff's claim, as those facts are relevant to Defendants' defense, as well.

### (vi)   the controlling or most appropriate legal authority in support of every element of the defense;

1.     *Siding & Insulation Co. v. Alco Vending, Inc.*, 822 F.3d 886, 898-899, (6th Cir. 2016);

2.     *Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc*., No. 17-1282, 900 F.3d 884, 889 (7th Cir. Aug. 14, 2018);

3.     *Paldo Sign and Display Co. v. Wagener Equities, Inc.*, 825 F.3d 793, 797 (7th Cir. 2016);

4.     *Comprehensive Health Care Sys. Of Palm Beaches, Inc. v. Vitaminerals VM/Orthopedics, Ltd*., No. 5:16 CV 2183, 2017 WL 27263, at \*5 (N.D. Ohio Jan. 3, 2017)

5.     *Bridging Communities Inc. v. Top Flite Financial Inc.*, 843 F.3d 1119, 1125 (6th Cir. 2016) and 47 U.S.C. § 227 (b)(1)(C).

6.     *Bristol-Myers Squibb Co. v. Superior Court*, ___U.S.___, 137 S.Ct. 1773, 1775, 198 L.Ed.2d 395 (2017) (regarding Defendants' personal jurisdiction argument, as discussed above)

7.     47 C.F.R. 64.1200(f)(13)

8.     Fed Evid. R. 803

9.     Fed. Evid. R. 702

10.    Fed. Evid. R. 703

### (vii)   each party's calculation of damages.

**Plaintiff's Position:**

Plaintiff calculates statutory damages of $500 for each of Defendants' 65,904 violations of the TCPA for a total award of $32,952,000. Plaintiff's calculation of damages is based upon the conclusions of Plaintiff's expert Lee Howard as set forth in his amended report dated May 30, 2019. Defendants have moved to exclude this report.

**Defendant's Position:**

This court lacks jurisdiction over Curaden AG, and Curaden AG was not the sender of the subject faxes, nor were the subject faxes sent on Curaden AG's behalf.  As such, Plaintiff and the putative class are not entitled to any damages from Curaden AG.

Additionally, for the reasons set forth above, Plaintiff lacks admissible and sufficient evidence regarding which class members allegedly received faxes.  As such, Plaintiff Brian Lyngaas, D.D.S. is entitled to statutory damages of $500. Plaintiff cannot establish any other damages against Curaden USA, Inc.

e) **Lay Witnesses:**

Plaintiff's Lay Witness List:

| | | |
|---|---|---|
| 1. | Brian Lyngaas, D.D.S. | Will Call (Live) |
| 2. | Dale Alan Johnson | Will Call (Live or Deposition Testimony) |
| 3. | Clifford zur Nieden | Will Call (Live or Deposition Testimony) |
| 4. | Patrice le Maire | Will Call (Deposition Testimony) |
| 5. | Chad Komniey | Will Call (Deposition Testimony) |
| 6. | Any of Defendant's witnesses | May Call (Live Testimony or Deposition Testimony) |

Brian Lyngaas, D.D.S., 18518 Farmington Rd., Livonia, MI 48152, (248) 473-0050. Doctor Lyngaas will primarily testify that: (1) he is a dentist and operates a dental practice in Livonia, Michigan; (2) he owns and operates a fax machine with the telephone number 248-473-7490 for use within his dental practice; (3) on March 8, 2016, and March 28, 2016, he received faxes advertising Curaprox Ultra-Soft CS 5460 toothbrushes for sale; and (4) he did not expressly invite or permit either Defendant to send him any advertisement by facsimile, nor did he ever have an established business relationship with either Defendant.

Curaden USA, Inc., Dale Alan Johnson, 4325 Indeco Court, Cincinnati, OH 45241, (513) 871-9207. As the 30(b)(6) representative of Curaden USA, Inc., Mr. Johnson will testify about matters relating to whether Curaden AG was a "sender" of the faxes at issue, including those facts identified and detailed by the Court in its summary judgment opinion. ECF 89, PageID.11209-11213. Mr. Johnson will also

testify about Curaden USA's relationship, business dealings, and contracts with Curaden AG. Id., at 11201-202.

Clifford zur Nieden, Curaden AG, Amlehnstrasse 22, 6010 Kriens, Switzerland, +41 41 319 45 00. As the 30(b)(6) representative of Curaden AG, Mr. zur Nieden will testify about matters relating to whether Curaden AG was a "sender" of the faxes at issue, including those facts identified and detailed by the Court in its summary judgment opinion. ECF 89, PageID.11209-11213. Mr. zur Nieden will also testify about Curaden AG's relationship, business dealings, and contracts with Curaden USA. Id., at 11201-202.

Patrice le Maire, 6982 Pineneedle Lane, Cincinnati, OH 45243, (513) 871-9200. Mr. le Maire will testify about matters relating to whether Curaden AG was a "sender" of the faxes at issue, including those facts identified and detailed by the Court in its summary judgment opinion. ECF 89, PageID.11209-11213. Mr. le Maire will also testify about Curaden USA's relationship, business dealings, and contracts with Curaden AG. Id., at 11201-202.

Chad Komniey, Admax Marketing, 5658 Antigua Blvd, San Diego, CA 92124, (757) 202-6918. Mr. Komniey will primarily testify that: (1) for 18 years, Chad Komniey has been operating a sole proprietorship called AdMax Marketing, and doing business as Frequency Rising; (2) AdMax Marketing's primary business service is "fax blasting" or fax broadcasting, and its website advertises and describes these services; (3) Curaden USA paid for AdMax's fax blasting services;

(4) Curaden USA employees provided the target lists that were used in the fax broadcasting at issue; (5) On March 8, 2016, Curaden USA's Toothbrush Flyer was sent by fax to 33,226 telephone numbers; (6) On March 28, 2016, Curaden USA's Toothbrush Challenge advertisement was successfully sent by facsimile to 32,678 telephone numbers; (7) AdMax hired Westfax to send faxes for its clients, such as Curaden USA; (8) Admax's relationship with Westfax and knowledge of its website protocols and processes; and (9) after a Westfax job was completed, AdMax would receive "log" files indicating "successfuls," "failed," or both.

    Defendants' Lay Witness List:

| 1. | Dale Johnson | Will call (Live) |
|---|---|---|
| 2. | Chad Komniey | Will call (Live on cross, or via Deposition Testimony) |
| 3. | Patrice Le Maire | May call (Deposition Testimony) |
| 4. | Clifford Zer Nieden | May call (Deposition Testimony) |
| 5. | Diane Hammond | May call (Live Testimony) |
| 6. | Any of Plaintiff's Witnesses | May call (Live or Deposition Testimony) |

    Dale Alan Johnson, 4255 E. McDowell Rd. #109, Mesa, AZ 85215, 800-919-0120. As the 30(b)(6) representative of Curaden USA, Inc., Mr. Johnson will testify about matters relating to whether Curaden AG was a "sender" of the faxes at issue, including those facts identified and detailed by the Court in its summary judgment opinion. ECF 89, PageID.11209-11213. Mr. Johnson will also testify about Curaden USA's relationship, business dealings, and contracts with Curaden AG. Id., at 11201-202.

Clifford zur Nieden, Curaden AG, Amlehnstrasse 22, 6010 Kriens, Switzerland, +41 41 319 45 00. As the 30(b)(6) representative of Curaden AG, Mr. zur Nieden will testify about matters relating to whether Curaden AG was a "sender" of the faxes at issue, including those facts identified and detailed by the Court in its summary judgment opinion. ECF 89, PageID.11209-11213. Mr. zur Nieden will also testify about Curaden AG's relationship, business dealings, and contracts with Curaden USA. Id., at 11201-202.

Patrice Le Maire, 6982 Pineneedle Lane, Cincinnati, OH 45243, (513) 871-9200. Mr. le Maire will testify about matters relating to whether Curaden AG was a "sender" of the faxes at issue, including those facts identified and detailed by the Court in its summary judgment opinion. ECF 89, PageID.11209-11213. Mr. Le Maire will also testify about Curaden USA's relationship, business dealings, and contracts with Curaden AG. Id., at 11201-202.

Chad Komniey, Admax Marketing, 5658 Antigua Blvd, San Diego, CA 92124, (757) 202-6918. Mr. Komniey will primarily testify regarding AdMax Marketing's relationship with Curaden USA, Inc. and its lack of any contact or communication with Curaden AG.  Mr. Komniey will also discuss the representations made on AdMax's website, and the statements he made regarding AdMax's ability to ensure compliance with the TCPA to Curaden USA.

Diane Hammond, 4255 E. McDowell Rd. #109, Mesa, AZ 85215, 800-919-0120.  Ms. Hammond will primarily testify regarding the steps she took to create

the fax advertisement, her communications with AdMax regarding the faxes, and her lack of any communication or discussions about the faxes with Curaden AG.

**f)  Expert Witness:**

Plaintiff's Expert Witness List:

| 1. | Christopher Lee Howard | Will Call (Live) |
|---|---|---|

Christopher Lee ("Lee") Howard, 51 E Way to Tipperary Street, Shelton, WA 98584-6608, (360) 427-8160. Mr. Howard will primarily testify that: (1) he is an expert in fax technology and a developer of fax software; (2) faxes, unlike other forms of electronic communications, can only be sent from one telephone number to another; (3) all faxes must be sent following the ITU T.30 protocol; (4) under the T.30 protocol, the receiving modem sends a tone to the sending modem to indicate the fax has been successfully received; and (5) the tone that is sent to confirm successful receipt is known as "MCF" (message complete); (6) the documents he reviewed show that after successfully sending Defendants' fax ads, WestFax sent logs showing each successful transmission to AdMax by email; and (7) he analyzed those Westfax logs and determined they showed Defendants successfully sent 65,904 fax ads to Plaintiff and the Class.

Defendants' Expert Witness List:

None.

**g)  De bene esse depositions:**

1.      Deposition Transcript of AdMax Marketing's Chad Komniey, November 13, 2018 with Exhibits;

2.      Deposition Transcript of Curaden USA's Patrice Le Maire, December 4, 2018 with Exhibits;

3.      Deposition Transcript of Curaden AG's Clifford Zur Nieden, November 1, 2017 with Exhibits; and

4.      Deposition Transcript of Curaden USA (30(b)(6) of Dale Alan Johnson), December 5, 2018 with Exhibits.

### h) Exhibits:

See Exhibit Lists. Defendants raised objections to a number of Plaintiff's proffered exhibits at trial. The Court ruled on some of those objections, but took a number of Plaintiff's Exhibits under advisement.

### i) Evidentiary Issues:

1.      Whether any of the documents allegedly generated by WestFax may be used at trial should Defendants object to their usage. *See* ECF 61, 73, 74, 95, 103. This issue is raised, or included within, Defendants' pending Motion *in Limine*.

2.      Whether "Rule 703 permits experts to testify without personal knowledge of the underlying facts or data and permits them to testify on the basis of hearsay or unadmitted evidence, as long as the evidence is of a kind 'reasonably relied upon by experts in the particular field.'" *See United States v. Bonds*, 12 F.3d 540, 566–67 (6th Cir. 1993) (quoting *Coal Resources Inc. v. Gulf & W. Indus., Inc.*, 954 F.2d 1263, 1272 (6th Cir.1992)). *See* ECF 61, 95, 103. This issue is raised, or included within, Defendants' pending Motion *in Limine*.

3.     The admissibility of numerous exhibits listed on Plaintiff's proposed exhibit list, including:

a.     Any documents created by WestFax included in Plaintiff's exhibit list.

b.     Any pleadings listed in Plaintiff's exhibit list.

c.     Any affidavits or declarations included in Plaintiff's exhibit list.

d.     Mr. Howard's expert report and all attached exhibits.

e.     All deposition transcripts (and attached exhibits) included in Plaintiff's exhibit list.

f.     The issues with Plaintiff's proposed exhibits were not raised *in Limine* because Plaintiff did not produce its proposed exhibit list until after the deadline to file Motions *in Limine* in accordance with the Court's Case Management Orders. ECF 45 & 57.

Dated:  September 26, 2019          s/Mark A. Goldsmith
          Detroit, Michigan             MARK A. GOLDSMITH
                                        United States District Judge

s/ Tod A. Lewis
Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle, Suite 1000
Chicago, IL  60602
Tel.: 312-658-5500
phil@classlawyers.com
tod@classlawyers.com

Richard Shenkan
SHENKAN INJURY LAWYER, LLC
6550 Lakeshore St.
West Bloomfield, MI 48323-1429
Tel:  (248) 562-1320
Fax: (888) 769-1774

*Attorneys for Plaintiff*

s/ Brian S. Sullivan
Brian S. Sullivan
Dinsmore & Shohl LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8233
brian.sullivan@dinsmore.com

*Attorney for Defendant*