UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LYNGAAS, D.D.S.,
individually and as the
representative of a class of
similarly situated persons,

    Plaintiff,

v

Case No. 17-10910

HON. MARK A. GOLDSMITH

CURADEN AG, et al.,

    Defendants.
_____/

## ORDER REGARDING ADMISSIBILITY OF DEPOSITION TESTIMONY

During trial, the parties introduced into evidence portions of the depositions of Dale Johnson, Patrice LeMaire, Clifford Zur Nieden, and Chad Komniey. The Court reserved ruling on certain objections regarding the admissibility of portions of Johnson's and Komniey's depositions. These rulings regarding admissibility are resolved in the present order.

### I. Deposition of Dale Johnson

Dale Johnson, the vice president and managing director of Defendant Curaden USA, was deposed as Curaden USA's corporate representative under Federal Rule of Evidence 30(b)(6). Johnson Dep. at 9, 11 (Dkt. 132-1). Lyngaas designated pages 67:22-68:22, 69:4-5, 69:8-12, and 69:19-21 of Johnson's deposition for introduction into evidence. Johnson Notice of Filing ("NoF") at 9-10 (Dkt. 132). In this portion of the deposition, Johnson was presented with an e-mail Curaden USA received from AdMax Marketing ("AdMax"), in which AdMax copied and pasted a job summary from WestFax purportedly reporting the number of successful and unsuccessful fax transmissions. See Pl. Trial Ex. 37 (Dkt. 121-14). Johnson testified that he had no reason to doubt the accuracy of the information reported in the e-mail. Defendants objected to the introduction of

this testimony, arguing that it was irrelevant, that it relied on hearsay, and that Johnson lacked personal knowledge. Trial Tr. II at 19-21 (Dkt. 116); Johnson NoF at 9-10.

The Court sustains Defendants' objection that Johnson's testimony lacks relevance. The fact that Johnson had no reason to dispute the number of successful and unsuccessful fax transmissions reported in the e-mail is not probative of whether the e-mail accurately reported this information. Johnson did not affirm that the information conveyed in the e-mail was accurate but merely denied having knowledge that would lead him to doubt that information. This does not satisfy the definition of relevance under Federal Rule of Evidence 401 as it makes no fact in the case more or less probable than would be the case if the testimony were not allowed. As such, this testimony is not admissible.

Lyngaas designated pages 69:22-23, 70:2-11, and 70:20-71:4 of Johnson's deposition for introduction into evidence. Johnson NoF at 10-12. In this portion of the deposition, Johnson was presented with an e-mail from WestFax to AdMax containing a job summary purportedly reporting the number of successful and unsuccessful fax transmissions. See Pl. Trial Ex. 36 (Dkt. 122-6). Johnson confirmed that the numbers reported in this e-mail were consistent with those reported in the e-mail from AdMax to Curaden USA discussed above. He further testified that he had no reason to believe the numbers reported in this e-mail were inaccurate. Defendants objected to the introduction of this testimony, arguing that it was irrelevant, that it relied on hearsay, and that Johnson lacked personal knowledge. Trial Tr. II at 21-23; Johnson NoF at 10-12.

The Court sustains Defendants' objection that Johnson's testimony lacks relevance. The fact that Johnson had no reason to dispute the number of successful and unsuccessful fax transmissions reported in the e-mail is not probative of whether the e-mail accurately reported this information. Johnson did not affirm that the information conveyed in the e-mail was accurate but merely denied having knowledge that would lead him to doubt that information. This does not

satisfy the definition of relevance under Federal Rule of Evidence 401 as it makes no fact in the case more or less probable than would be the case if the testimony were not allowed. As such, this testimony is not admissible.

Lyngaas designated page 75:1-11 and 75:14-24 of Johnson's deposition for introduction into evidence. Johnson NoF at 12-13. In this portion of the deposition, Johnson identified an invoice Curaden USA received from AdMax itemizing the number of purportedly successful and unsuccessful fax transmissions. See Pl. Trial Ex. 27 (Dkt. 122-5). Johnson further testified that he had no reason to believe the numbers reported in the invoice were inaccurate. Defendants objected to the introduction of this testimony, arguing that it was irrelevant, that it relied on hearsay, and that Johnson lacked personal knowledge. Trial Tr. II at 26; Johnson NoF at 12-13.

The Court sustains Defendants' objection that Johnson's testimony lacks relevance. The fact that Johnson had no reason to dispute the number of successful and unsuccessful fax transmissions reported in the invoice is not probative of whether the invoice accurately reported this information. Johnson did not affirm that the information conveyed in the invoice was accurate but merely denied having knowledge that would lead him to doubt that information. This does not satisfy the definition of relevance under Federal Rule of Evidence 401 as it makes no fact in the case more or less probable than would be the case if the testimony were not allowed. As such, this testimony is not admissible.

Lyngaas designated pages 76:1-78:24 of Johnson's deposition for introduction into evidence. Johnson NoF at 13-14. In this portion of the deposition, Johnson was presented with a series of e-mails. In one e-mail sent by AdMax to Curaden USA, AdMax copied and pasted a job summary from WestFax purportedly reporting the numbers of successful and unsuccessful fax transmissions. See Pl. Trial Ex. 41 (Dkt. 121-16). Johnson testified that he had no reason to believe the numbers reported in the e-mail were inaccurate. Defendants objected to the

introduction of this testimony, arguing that it was irrelevant, that it relied on hearsay, and that Johnson lacked personal knowledge. Trial Tr. II at 19-21 (Dkt. 116); Johnson NoF at 13-14.

The Court sustains Defendants' objection that Johnson's testimony lacks relevance. The fact that Johnson had no reason to dispute the number of successful and unsuccessful fax transmissions reported in the e-mail is not probative of whether the e-mail accurately reported this information. Johnson did not affirm that the information conveyed in the e-mail was accurate but merely denied having knowledge that would lead him to doubt that information. This does not satisfy the definition of relevance under Federal Rule of Evidence 401 as it makes no fact in the case more or less probable than would be the case if the testimony were not allowed. As such, this testimony is not admissible.

## II. Deposition of Chad Komniey

Chad Komniey, the owner of AdMax, was deposed as AdMax's corporate representative under Federal Rule of Evidence 30(b)(6). Komniey Dep. at 11-12 (Dkt. 133-1). Lyngaas designated page 86:5-14 of Komniey's deposition for introduction into evidence. Komniey NoF at 4-5 (Dkt. 133). In this portion of the deposition, Komniey described WestFax's process of "blocking" fax transmissions to fax numbers that had previously opted out of receiving faxes. Defendants objected to the introduction of this testimony, arguing that it lacked foundation and was speculative, given Komniey's lack of personal knowledge. Trial Tr. I at 161-165 (Dkt. 115); Komniey NoF at 4-5.

The Court sustains Defendants' objection that Komniey lacked personal knowledge regarding WestFax's internal operations. There is no evidence establishing the basis for Komniey's knowledge regarding WestFax's processes, procedures, or records, as his general use of the system would not afford him insight into WestFax's internal operations. Nor can Komniey's reliance on an unauthenticated summary report log serve as a basis for this testimony, as this

document would likewise offer no insight into WestFax's practices. As such, this testimony is inadmissible for the purpose of establishing WestFax's operations.

Lyngaas designated pages 89:2-90:6 of Komniey's deposition for introduction into evidence. Komniey NoF at 5-6. In this portion of the deposition, Komniey testified that two types of summary report logs were available through WestFax – a success log and a failure log. He explained that a success log generally reported information including the job name, the number of faxes sent, and a code indicating that the fax did not fail. A failure log would include blocked numbers, busy signals, dead signals, and fax numbers located in areas in which WestFax did not have a service contract. Defendants objected to the introduction of this testimony, arguing that it lacked foundation and was speculative, given Komniey's lack of personal knowledge. Trial Tr. I at 165-166; Komniey NoF at 5-6.

The Court sustains Defendants' objection that Komniey lacked personal knowledge regarding WestFax's internal operations. There is no evidence establishing the basis for Komniey's knowledge regarding WestFax's processes, procedures, or records, as his general use of the system would not afford him insight into WestFax's internal operations. Nor can Komniey's reliance on an unauthenticated summary report log serve as a basis for this testimony, as this document would likewise offer no insight into WestFax's practices. As such, this testimony is inadmissible for the purpose of establishing WestFax's operations.

Lyngaas designated pages 132:18-135:2, 135:16-136:2, and 136:21-139:7 of Komniey's deposition for introduction into evidence. Komniey NoF at 30-42. In this portion of the deposition, Komniey described and interpreted the contents of a summary report log made available by WestFax. See Pl. Trial Ex. 25 (Dkt. 122-3). Specifically, Komniey described what each column of the summary report log represented (e.g., the date and time the transmission was processed, the results of the fax transmissions). He further testified that the data in the summary

report log "should all be correct" and that he had no reason to doubt its accuracy. Defendants objected to the introduction of this testimony, arguing that it relied on hearsay, lacked a foundation, and was speculative, given Komniey's lack of personal knowledge. Trial Tr. I at 178-183; Komniey NoF at 30-42.

The Court sustains Defendants' objection that Komniey lacked personal knowledge regarding WestFax's internal operations. There is no evidence establishing the basis for Komniey's knowledge regarding WestFax's processes, procedures, or records – including the interpretation of summary report logs – as his general use of the system would not afford him insight into WestFax's internal operations. Nor does Komniey have personal knowledge regarding the accuracy of the summary report log, as determined in the Court's opinion. 11/21/19 Opinion at 22-24. As such, this testimony is inadmissible for the purpose of establishing WestFax's operations or the accuracy of the summary report logs.

SO ORDERED.

Dated: December 5, 2019　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge