No. 19-0108

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: CURADEN AG; CURADEN USA, )
INCORPORATED, )
               )
    Petitioners. )

FILED
Jan 08, 2020
DEBORAH S. HUNT, Clerk

O R D E R

Before: SUHRHEINRICH, BATCHELDER, and NALBANDIAN, Circuit Judges.

    Defendants Curaden AG and Curaden USA, Inc. (jointly, "Curaden") seek permission to appeal the order certifying this action under the Telephone Consumer Protection Act of 1991 ("TCPA") as a class action. *See* Fed. R. Civ. P. 23(f). Plaintiff Brian Lyngaas, D.D.S., opposes the petition to appeal. Curaden also moves for a stay of the proceedings below pending the resolution of the petition to appeal and any resulting appeal. Lyngaas opposes the motion for a stay.

    Under Federal Rule of Civil Procedure 23(f), we are authorized to permit an appeal from the grant or denial of a motion for class certification. We have "broad discretion to grant or deny a Rule 23(f) petition, and any pertinent factor may be weighed in the exercise of that discretion." *In re Delta Air Lines,* 310 F.3d 953, 959 (6th Cir. 2002). Rule 23(f) appeals are not to be routinely accepted, and interlocutory review is not favored "in ordinary cases, which involve the application of well-established standards to the facts of a particular case." *Id*. at 959–60. In addition, the district court has substantial discretion in determining whether it will certify a class. *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013); *Young v. Nationwide Mut. Ins. Co.,* 693 F.3d 532, 536 (6th Cir. 2012). Thus, a ruling on class

certification "will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion." *Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347, 351 (6th Cir. 2011) (quoting *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 559–60 (6th Cir. 2007)).

The following factors are relevant to the determination of whether a case is an extraordinary one warranting an immediate interlocutory appeal: (1) whether the petitioners are likely to succeed on appeal under the deferential abuse-of-discretion standard; (2) whether the cost of continuing the litigation for either the plaintiff or the defendant presents such a barrier that subsequent review is hampered (the "death-knell factor"); (3) whether the case presents a novel or unsettled question of law, especially a question of class certification law; and (4) the procedural posture of the case before the district court. *Delta Air Lines*, 310 F.3d at 960.

Curaden has not demonstrated that the certification of the class will be the death knell of the litigation. The posture of the case below weighs against granting the petition since a bench trial was set for September 9, 2019, and the district court has referred the case for a settlement conference.

To be sure, the question whether *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017) ("*BMS*"), applies to class actions is an important one and likely warrants review in this Court at some point. But Curaden waived that argument by not raising it in its original 12(b)(2) motion or in its answer. *See McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 165 (S.D. Cal. 2019) (collecting cases where defendants waived *BMS* personal-jurisdiction defense). Instead, Curaden first raised the *BMS* argument in its Opposition to Respondent's Motion for Class Certification. (*See* R. 73 at 6–10.) But in his Reply, Plaintiff-Respondent explained how Curaden waived this defense. (*See* R. 83 at 2.) And although the district court reached the merits of the *BMS* argument, it noted that waiver was an issue. (*See* R. 89 at 35 n.8.)

Still, Curaden failed to address this waiver issue in our Court. Curaden did not address waiver in its Petition for Permission to Appeal or in its Motion for a Stay. Nor has Curaden filed (or attempted to file) a reply brief to respond to Plaintiff-Respondent's waiver argument (raised again in his Response to the Petition). To be sure, Curaden raised personal jurisdiction arguments timely here. (*See* R. 16.) But the personal jurisdiction argument based on *BMS* would entitle Curaden to relief that would be different from the relief that it would have been entitled to in its original motion—i.e. dismissal of the entire case versus dismissal of the non-Michigan plaintiffs.

The bottom line is that these doubts about the presentment of the *BMS* issue create a vehicle problem and therefore also weigh heavily against the exercise of our discretionary review jurisdiction under Rule 23(f).

Accordingly, the petition to appeal is **DENIED**, and the motion for a stay is **DENIED** as moot.

                                       ENTERED BY ORDER OF THE COURT

                                       Deborah S. Hunt, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: January 08, 2020

Mr. Phillip Andrew Bock

Mr. Tod Allen Lewis

Mr. Richard Shenkan

Mr. Brian S. Sullivan

       Re: Case No. 19-108, *In re: Curaden AG, et al*
          Originating Case No. 2:17-cv-10910

Dear Counsel:

 The Court issued the enclosed (Order/Opinion) today in this case.

                Sincerely yours,

                s/Patricia J. Elder
                Senior Case Manager

cc: Mr. David J. Weaver

Enclosure

No mandate to issue