# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| BRIAN LYNGAAS, D.D.S., individually and as the representative of a class of similarly-situated persons, | ) ) ) ) Case No. 17-cv-10910 ) Hon. Mark A. Goldsmith ) |
| Plaintiff, | ) ) |
| v. | ) CLASS ACTION ) |
| CURADEN AG and CURADEN USA INC., | ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR LITIGATION
EXPENSES, ATTORNEY'S FEES, AND AN INCENTIVE AWARD,
ALL TO BE PAID FROM MONIES RECOVERED**

Plaintiff, Brian Lyngaas, D.D.S., moves pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2) for an award of attorney's fees to be paid from money claimed by class members and recovered. Plaintiff also moves for an award of litigation expenses totaling $100,989.08 to be paid from monies recovered. Finally, Plaintiff moves the Court to permit Class Counsel to pay Plaintiff $15,000 from monies that otherwise would go to attorney's fees as an incentive award for serving as the class representative.[1]

---

[1]  Plaintiff proposes that counsel's expenses be paid from first dollars recovered.

i

Pursuant to Local Rule 7.1(a)(2)(A), Plaintiff's counsel conferred with Defendants' counsel, explaining the general nature of this motion and the requested relief, but did not obtain concurrence in the relief sought.

WHEREFORE, Plaintiff prays this Honorable Court grant his motion for an award of expenses, attorney's fees, and an incentive award.

        Respectfully submitted,

        BRIAN LYNGAAS, D.D.S., individually and as the representative of a class of similarly-situated persons,

By: /s/Phillip A. Bock

| | |
|---|---|
| Richard Shenkan | Phillip A. Bock |
| SHENKAN INJURY LAWYERS, LLC | David M. Oppenheim |
| (MI Bar No. P46566) | Tod A. Lewis |
| 6550 Lakeshore St. | BOCK, HATCH, LEWIS & OPPENHEIM, LLC |
| West Bloomfield, MI 48323 | 134 N. La Salle Street, Suite 100 |
| Telephone: (248) 562-1320 | Chicago, IL 60602 |
| rshenkan@shenkanlaw.com | Telephone: (312) 658-5500 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIAN LYNGAAS, D.D.S., individually and as the representative of a class of similarly-situated persons,

        Plaintiff,

v.

CURADEN AG, and CURADEN USA INC,

        Defendants.

Case No. 17-cv-10910
Hon. Mark A. Goldsmith

CLASS ACTION

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
HIS MOTION FOR LITIGATION EXPENSES,
ATTORNEY'S FEES, AND AN INCENTIVE AWARD,
ALL TO BE PAID FROM MONIES RECOVERED**

## **STATEMENT OF THE ISSUES**

1.  Whether the Court should: (1) award litigation expenses of $100,989.08 to Class Counsel; (2) award attorney's fees to Class Counsel equal to one-third of each class member claimant's share; and (3) authorize Class Counsel to pay $15,000 to Plaintiff as an incentive award for serving as the class representative?

    Plaintiff's Answer: Yes

# **CONTROLLING AUTHORITY**

Federal Rule of Civil Procedure 23(h);

Federal Rule of Civil Procedure 54(a);

Federal Rule of Civil Procedure 54(d)(2);

*Rawlings v. Prudential–Bache Properties, Inc.*, 9 F.3d 513 (6th Cir. 1993);

*Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir. 2016), *cert. denied sub nom. Blackman v. Gascho*, 137 S. Ct. 1065 (2017), and *cert. denied sub nom. Zik v. Gascho*, 137 S. Ct. 1065 (2017)

## **INTRODUCTION**

On January 30, 2020, the Court entered Final Judgment pursuant to Rule 23(c)(3) and Rule 54(a) of the Federal Rules of Civil Procedure. ECF 146. The Court ordered, "Class counsel may seek an award of attorney fees and costs, including an incentive award to Lyngaas" by filing a motion "within twenty-eight days after entry of this final judgment, pursuant to Federal Rules of Civil Procedure 23(h), 54(a), and 54(d)(2)." ECF 146, p. 3, para. 3 (a), PageID.25676. And the Court ordered that class members must be notified of the motion, to permit them the ability to object. *Id.*, pp. 3-4, para. 3 (b)-(c), PageID.25676-77.

Within the "Notice of Judgment" attached to the Final Judgment, the class is informed that "Class Counsel have requested that the Court withhold one-third of each payment to claimants for their attorney fees in this matter, and also withhold a portion of each payment to reimburse their litigation expenses in this matter." *Id.*, p. 9, PageID.25682. "Class Counsel have also requested that the Court permit them to pay Brian Lyngaas, D.D.S. $15,000 from their attorney fees for serving as the class representative."[3] *Id.*

The Court noted that, if it "determines that a hearing is necessary to resolve any motion seeking attorney fees, costs, or an incentive award, or any objections to

---

[3] Ultimately, any incentive award would need to be "drawn from the class recovery" (Order, Doc. 145, p. 11), and the notice contains the language in Doc. 146, p. 9, as directed by the Court.

4

such a motion, the Court will provide notice of that hearing to class counsel." *Id.*, p. 4, para. 3(d), PageID.25677.

## PROCEDURAL BACKGROUND

The Class Action Complaint was filed on March 22, 2017. ECF 1. Curaden AG moved to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). ECF 16. The Court granted Plaintiff's motion for leave to take jurisdictional discovery. ECF 20, 23. After jurisdictional discovery was taken, and the parties submitted supplemental briefing, the Court denied Curaden AG's motion. ECF 44. Thereafter, the parties engaged in merits and expert discovery.

Class certification was briefed concurrently with competing motions for summary judgment and a motion to exclude Plaintiff's expert witness. See ECF 60-64, 67, 72-76, 80-81, 83-88. On May 23, 2019, the Court certified the class and denied each motion for summary judgment. ECF 89. Thereafter, Defendants filed a Rule 23(f) appeal to the Sixth Circuit along with a request that this court stay the case pending a 23(f) ruling, which the Court denied. ECF 91, 94, 97, 98.

On June 7, 2019, the Court set the case for trial. ECF 92. The Court granted Plaintiff's motion to notify the class, and the class was notified. ECF 93, 99, and 100. The parties submitted pre-trial motions and briefing, and a proposed joint final pretrial order. (ECF 95-97, 101-104). The Court conducted a bench trial on September 18 and 19, 2019. ECF 145. The parties submitted post-trial briefing and

competing, proposed findings of fact and conclusions of law. ECF 114, 118-120, 123-124.

On November 21, 2019, the Court entered its Opinion and Order containing findings of fact and conclusions of law and directed the parties to submit proposed judgments. ECF 129. The Court held that Plaintiff established that Curaden USA violated the TCPA by sending him two unsolicited advertisements by facsimile, and by broadcasting those advertisements in mass fax campaigns. ECF 129, p. 34. But the Court ruled that Lyngaas did not establish "the total number of faxes successfully sent class-wide" and ruled that a "claims administration process" was necessary to afford "potential class members the opportunity to establish their receipt of Curaden USA's unsolicited fax advertisements." *Id.*, at 2. The Court also ruled that Curaden AG has no liability in this matter. *Id.*, at 10-17, 39.

The parties briefed Plaintiff's motion for entry of judgment, which included a notice and claim form to send to the class members. ECF 138-39 and 143. The Court granted Plaintiff's motion for entry of judgment in part and denied it in part and entered final judgment on January 30, 2020. ECF 145-46.

## **ARGUMENT**

**I.     The Court should award fees and expenses to Class Counsel from monies recovered.**

In deciding a motion for attorney's fees in a class action, the court should ensure that class counsel are fairly compensated for the amount of work done and

the results achieved, and reimbursed for the litigation expenses fronted. *Rawlings v. Prudential-Bache Props, Inc.,* 9 F.3d 513, 516 (6th Cir. 1993).

### A.  First, the Court should award Class Counsel litigation expenses from monies recovered.

Here, Class Counsel has incurred expenses totaling $100,989.08. Exhibit A. These expenses were reasonably and necessarily incurred for the benefit of the class. Therefore, the class should reimburse these expenses from recovered funds.

### B.  Second, the Court should award Class Counsel fees from monies recovered.

Class Counsel request one-third of the funds made available to the class members; specifically, one-third of each claiming class member's share of funds ultimately recovered. In *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016), the Sixth Circuit explained as follows:

> "When awarding attorney's fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Rawlings v. Prudential–Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir.1993). These two measures of the fairness of an attorney's award—work done and results achieved—can be in tension with each other. The lodestar method of calculating fees "better accounts for the amount of work done," whereas "the percentage of the fund method more accurately reflects the results achieved." *Id*.

The Sixth Circuit explained each method has advantages and drawbacks. The advantages of the percentage of the fund method are that: "it is easy to calculate; it establishes reasonable expectations on the part of plaintiffs' attorneys as to their expected recovery; and it encourages early settlement, which avoids protracted

7

litigation." *Gascho*, 822 F.3d at 279. As the Supreme Court observed, applying the percentage of the fund method "allows a Court to prevent ... inequity by assessing attorneys' fees against the entire fund, thus spreading fees proportionately among those benefited by the suit." *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980). The percentage of the fund method "enhances efficiency" and "it better approximates the workings of the marketplace." *In re Thirteen Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995).

"[T]he Sixth Circuit has observed a 'trend towards adoption of a percentage of the fund method in [common fund] cases.'" *Stanley v. U.S. Steel Co.*, 2009 WL 4646647 at *1 (E.D. Mich. Dec. 8, 2009), *quoting Rawlings v. Prudential-Bach Props., Inc.*, 9 F.3d 513, 515 (6th Cir. 1993); *In re Sulzer Orthopedics, Inc.*, 398 F.3d 778, 780 (6th Cir. 2005).

This District favors the percentage of the fund method. "This method of awarding attorney's fees is preferred in this District because it conserves judicial resources and aligns the interests of class counsel and the class members." *In re Automotive Parts Antitrust Litig.*, Case No. 12-md-2311, 2017 WL 3525415 at *2 (E.D. Mich. July 10, 2017) (Battani, J.), *citing Rawlings*, 9 F.3d at 515.[4]

---

4     *See also In re Packaged Ice Antitrust Litig.*, No. 08-md-01952, 2011 WL 6209188 at *17 (E.D. Mich. Dec. 13, 2011) (Borman, J.); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 502 (E.D. Mich. 2008) (Rosen, J.). *See also Underwood v. Carpenters Pension Trust Fund—Detroit and Vicinity*, Case No. 13-cv-14464, 2017 WL 655622 at *12 (E.D. Mich. Feb. 17, 2017) (Michelson, J.) (applying percentage); *New York State Teachers' Retirement Sys. v.*

Courts within the Sixth Circuit have the discretion to select the method of fee calculation, but must articulate the "reasons for 'adopting a particular methodology and the factors considered in arriving at the fee.'" *Moulton v. U.S. Steel Corp.,* 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Rawlings,* 9 F.3d at 516); *Martin v. Trott Law, P.C.*, No. 15-12838, 2018 WL 4679626, at *6 (E.D. Mich. Sept. 28, 2018). *Moulton* sets out the germane factors:

> Often, but by no means invariably, the explanation will address these factors: "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides."

*Id.*, 581 F.3d at 352, quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996).

---

*General Motors Co.*, 315 F.R.D. 226, 243 (E.D. Mich. 2016) (same; lodestar method "provides incentives for overbilling and the avoidance of early settlement."), *quoting Rawlings*, 9 F.3d at 517; *Cason–Merenda v. VHS of Michigan, Inc.*, Case No. 06-cv-15601, 2016 WL 944901 at *1 (E.D. Mich. Jan. 29, 2016) (applying percentage; "recent trend has been towards application of the percentage of the fund") (Rosen, J.); *In re Prandin Direct Purchaser Antitrust Litig.*, Case No. 10-cv-12141, 2015 WL 1396473 at *4 (E.D. Mich. Jan. 20, 2015) ("lodestar method is cumbersome; the percentage-of-the-fund approach more accurately reflects the result achieved; and the percentage-of-the-fund approach has the virtue of reducing the incentive for plaintiffs' attorneys to over-litigate or 'churn' cases.") (Cohn, J.); *Allan v. Realcomp II, Ltd.*, Case No. 10-cv-14046, 2014 WL 12656718 at *2 (E.D. Mich. Sep. 4, 2014) ("The Sixth Circuit has held that the percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share.") (internal quotation omitted) (Murphy, J.).

9

Class action attorney's fees are typically one third of the funds made available to the class members. *See In re Rio Hair Naturalizer Prods. Liab. Litig.,* No. MDL 1053, 1996 WL 780512 (E.D. Mich. Dec. 20, 1996) (common fund is "typically 20 to 50 percent of the Fund"); *Kogan v. Aimco Fox Chase, LP,* 193 F.R.D. 496, 503-504 (E.D. Mich. 2003) (awarding attorneys fees based on a share of the common fund, fees approximately 30 percent of the common fund); *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-01952, 2011 WL 6209188, at *19 (E.D. Mich. Dec. 13, 2011) ("[T]he requested award of close to 30% appears to be a fairly well-accepted ratio in cases of this type and generally in complex class actions.") (surveying cases awarding up to 33-1/3% of the common fund); *In re Telectronics,* 137 F. Supp. 2d 1029, 1046 (S.D. Ohio 2001) ("the range of reasonableness has been designated as between twenty to fifty percent of the common fund"); *Simpson v. Citizens Bank*, No. 12-10267, 2014 WL 12738263, at *6 (E.D. Mich. Jan. 31, 2014) ("Class Counsel's request for 33% of the common fund created by their efforts is well within the benchmark range and in line with what is often awarded in this Circuit.").

Here, Class Counsel seek fees of one third of the funds claimed and ultimately recovered; the monies made available to the class members. The amount of the ultimate recovery is currently unknown. Until the claims process is complete, it is unclear how much money Curaden USA must pay. Whether

10

Curaden USA will pay that amount is unknown.[5] And Plaintiff respectfully intends to appeal the Court's decision that Curaden AG is not liable, but, as with any appeal, the outcome is uncertain. Thus, it is unknown how much money will ultimately be made available to the class members.

Class Counsel's lodestar—hours times hourly rate—already totals more than one million dollars. The billing records can be made available upon request at any hearing (if one is ordered) or for filing under seal if required.[7] ECF 146, p. 4, PageID.25677. Due to Curaden USA's modest resources, Class Counsel's one-third fee request will very likely amount to a significant downward adjustment to the lodestar incurred here. A one-third fee from monies recovered is appropriate.

## II.   An incentive award of $15,000 to Plaintiff is appropriate, too.

Additionally, the Court should award Plaintiff $15,000 as an incentive award for serving as the Class Representative and authorize Class Counsel to pay that sum from monies that would otherwise be attorney's fees.

Class representatives assume the burdens of litigation that absent class members do not shoulder and do so without promise of a reward and with the risk

---

[5]   The record evidence shows that Curaden USA has little to no assets and is heavily indebted to Curaden AG. As of December 31, 2016, Curaden USA owed Curaden AG $2.3 million for loans made to cover its operating expenses and Curaden USA has not repaid any of the loans. *See, e.g.*, ECF 131-1, Clifford Zur Nieden Transcript, pp. 26:20-25, 27:1-6, 14-25, 28:1-25, 29:1-2; 52:24-25, 53:1-3 ("[W]hen Curaden USA makes a profit they can pay it back.").

[7]   This preserves the work product privilege in the event the case is reversed on appeal.

that the litigation may not succeed. An incentive award is appropriate to reward a class representative who pursues claims on behalf of the class. *Moulton v. U. S. Steel Corp.,* 581 F.3d 344, 351-52 (6th Cir. 2009); *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *See Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Courts routinely award such incentive payments to the persons who assume the special litigation burden of class representative and thereby benefit the entire class. *See Martin v. Trott Law, P.C.,* No. 15-12838, 2018 WL 4679626, at *2 (E.D. Mich. Sept. 28, 2018) (approving $5,000 incentive awards to each of three class members); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005) (approving class incentive awards of $8,000, $9,000, and $14,000); *Cook,* 142 F.3d at 1016 (affirming $25,000 incentive award to class representative because "a named plaintiff is an essential ingredient of any class action, [and] an incentive award is appropriate if it is necessary to induce an individual to participate in the suit"); *In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366, 367 (S.D. Ohio 1990) (approving two incentive awards of $55,000 and three of $35,000 to five representatives).

12

In *In re Lupron*, the court noted that incentive awards serve an important function:

> Incentive awards serve an important function in promoting class action settlements, particularly where, as here, the named plaintiffs participated actively in the litigation. *Denny v. Jenkins & Gilchrist*, 2005 WL 388562, at *31 (S.D.N.Y. Feb. 18, 2005). Courts 'routinely approve incentive awards to compensate named plaintiffs for the service they provided and the risks they incurred during the course of the class action litigation.' *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 400 (D.D.C. 2000). 'Because a named plaintiff is an essential ingredient of any class action, an incentive award can be appropriate to encourage or induce an individual to participate in the suit.' *In re Compact Disc*, 292 F. Supp. 2d at 189. [*In re Lupron Mktg. and Sales Practice Litig.*, No. 01-CV-10861-RGS, 2005 WL 2006833, at *7 (D. Mass. Aug. 17, 2005)]

Here, the requested incentive award aligns with the awards in other TCPA cases. *See, e.g., Rusgo and DePanicis, Inc. v. Walter J. Svenkesen Ins. Agency, Inc.*, Case No. 16-cv-12966 (E.D. Mich. Sept. 19, 2017) (Parker, J.) (ECF 32) ($15,000 award); *Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Battani, J.) (ECF 120) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-cv-10010 (E.D. Mich. Apr. 5, 2015) (Tarnow, J.) (same).

Plaintiff has diligently represented this Class. Plaintiff filed and pursued the action, responded to discovery, was deposed, stayed involved and informed, and testified at trial. But for Plaintiff's initiative and participation in this litigation, the absent class members would get nothing for their claims. The Court should

13

approve an incentive award to Plaintiff in the amount of $15,000, to be paid from money otherwise earmarked for Class Counsel's fees.

## CONCLUSION

WHEREFORE, for all the above reasons, Plaintiff respectfully requests that the Court: (1) award Class Counsel expenses totaling $100,989.08 from monies recovered; (2) award Class Counsel attorney's fees of one-third of each claimant's share of monies recovered; and (3) authorize Class Counsel to pay $15,000 to Brian Lyngaas, D.D.S. for serving as the class representative.

Respectfully submitted,

BRIAN LYNGAAS, D.D.S., individually and as the representative of a class of similarly-situated persons,

By: /s/Phillip A. Bock

Richard Shenkan
SHENKAN INJURY LAWYERS, LLC
(MI Bar No. P46566)
6550 Lakeshore St.
West Bloomfield, MI 48323
Telephone: (248) 562-1320
rshenkan@shenkanlaw.com

Phillip A. Bock
David M. Oppenheim
Tod A. Lewis
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle Street, Suite 100
Chicago, IL 60602
Telephone: (312) 658-5500

14

## LOCAL RULE CERTIFICATION

I, attorney Phillip A. Bock, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). Local Rule 7.1(d)(3).

/s/Phillip A. Bock

## CERTIFICATE OF SERVICE

I hereby certify that, on February 27, 2020, I electronically filed the above document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

s/ Phillip A. Bock
One of Plaintiff's attorneys