UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LYNGAAS, D.D.S.,
individually and as the
representative of a class of
similarly situated persons,

        Plaintiff,

                                        Case No. 17-10910

v

                                        HON. MARK A. GOLDSMITH

CURADEN AG, et al.,

        Defendants.

_____/

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR**
**LITIGATION EXPENSES, ATTORNEY FEES, AND AN INCENTIVE AWARD**
**(Dkt. 147)**

Plaintiff Brian Lyngaas brought this class action for violations of the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendants Curaden AG and Curaden USA,

which Lyngaas claimed were liable for unsolicited fax advertisements sent to him and over 30,000

class members. Following a bench trial, the Court held that Lyngaas had established that Curaden

USA violated the TCPA by sending two unsolicited fax advertisements to him individually and by

broadcasting the advertisements in two mass fax campaigns. 11/21/19 Op. at 34 (Dkt. 129).

However, because Lyngaas had not established the total number of faxes sent class-wide, the Court

held that a claims administration process was necessary to afford potential class members the

opportunity to establish their receipt of Curaden USA's unsolicited faxes. Id. at 35. As for

Curaden AG, the Court held that Lyngaas failed to establish its liability under the TCPA. Id. at

10-17. Judgment was entered (Dkt. 146), which established the claims process and provided for

Lyngaas to file a motion for attorney fees.

In accordance with the Judgment, Lyngaas has filed a motion for attorney fees and litigation expenses to be paid to class counsel, as well as an incentive award to be paid to Lyngaas himself (Dkt. 147).  Because the fees and expenses would be funded by the class recovery, Defendants have no stake in this matter and have not filed a response.  Nor have any objections been received from class members.  For the reasons stated below, the motion is granted in part and denied in part.

## I.    DISCUSSION

Plaintiff requests (1) an award to class counsel of one-third of each claimant's share of monies received, (2) an award to class counsel of $100,989.08 for litigation expenses, and (3) an award to Lyngaas of $15,000 for serving as class representative.  Mot. at 14.  All awards are to be paid out of monies recovered on behalf of the class.  Id. at 10.  While some awards to class counsel and Lyngaas may well be justified, uncertainty surrounding the claims administration process and the nature of certain litigation expenses precludes making an award of any kind at this time.

### A. Attorney Fees

When awarding attorney fees in a class action, district courts generally have discretion to choose whether to calculate fees based on the lodestar method—multiplying the number of hours reasonably expended by a reasonable hourly rate—or based on the percentage method—awarding class counsel a percentage of the monies recovered.  Gascho v. Global Fitness Holdings, LLC, 822 F.3d 269, 279 (6th Cir. 2016).  "As the two methods measure the fairness of the fee with respect to different desired outcomes, 'it is necessary that district courts be permitted to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them.'"  Id. (quoting Rawlings v. Prudential-Bache Properties, Inc., 9 F.3d 513, 516 (6th Cir. 1993)).  "District courts

2

have the discretion to select the particular method of calculation, but must articulate the reasons

for adopting a particular methodology and the factors considered in arriving at the fee." Id. at 280

(internal citations and marks omitted).  The following factors are "germane" both to the question

of which methodology to adopt and how to implement that methodology:

> (1) [T]he value of the benefit rendered to the plaintiff class; (2) the value of the
> services on an hourly basis; (3) whether the services were undertaken on a
> contingent fee basis; (4) society's stake in rewarding attorneys who produce such
> benefits in order to maintain an incentive to others; (5) the complexity of the
> litigation; and (6) the professional skill and standing of counsel involved on both
> sides.

Id. (quoting Moulton v. U.S. Steel Corp., 581 F.3d 344 (6th Cir. 2009)).

Courts of appeals defer to district court determinations of fee awards "because the rationale

for the award is predominately fact-driven." Imwalle v. Reliance Medical Products Inc., 515 F.3d

531, 551 (6th Cir. 2008).  The record presently lacks sufficient facts to drive an appropriate

determination.  At this point, the record only reflects an economic benefit to Lyngaas, individually,

who was awarded statutory damages of $1,000.  Judgment at 1.  Any benefit to the class will

depend on the results of the claims administration process established in the judgment.  Id. at 1-3.

The value of the benefit rendered to the plaintiff class and society's stake in rewarding the class's

attorneys cannot be measured without knowing how many class members were able to benefit

from the results class counsel achieved.

Lyngaas cites In re Rio Hair Naturalizer Prods. Liability Litig., No. MDL 1053, 1996 WL

780512 (E.D. Mich. Dec. 20, 1996), to support his claim that one third of the funds is reasonable

and within the range typically awarded to class counsel.  But that case perfectly illustrates why the

Court cannot award class counsel the requested fee at present.  Despite finding that all six of the

relevant factors favored an award of fees to class counsel, the "Court [could not], in good

conscience, award Petitioners the 25% of the fund they request[ed], even though in the Court's

judgment, they deserve[d] it." Id. at *18.  Because the funds made available by the settlement were limited, the court awarded only a 20% fee, exercising its discretion to "adjust an award up or down from the objective value of legal services rendered to reflect the ultimate economic benefit conferred on the class members."  Id.  Here, the ultimate economic benefit has not yet been determined, so the fee cannot be determined.

Because class counsel achieved a favorable outcome, they are entitled to a fee payment out of the recovery.  However, due to the uncertain nature of the case's result, it would be premature to determine how that payment will be calculated.  At present, class counsel's request for an attorney fee of one third of the total recovery is denied.  However, class counsel may renew the request once the case proceeds to a point where the Court would have an adequate basis for assessing the factors discussed in Moulton and Gascho.  To facilitate the development of that record, the Court has entered a separate order today, directing that a status report be filed by the claims administrator, summarizing the notice efforts to the class, the number of claims received, the nature of any objections to the claims lodged by Defendants, and the resolution, if any, of those objections.  After the Court reviews the status report, it will set a date by which  a renewed motion for attorney fees may be filed.

**B.  Lyngaas's Incentive Award**

In support of his request for an incentive award for acting on behalf of the class, Lyngaas lists the factors this Court should consider.  Mot. at 12 ("'In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation.'") (quoting Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998)).  The second factor—the degree to which the class has benefitted from

Lyngaas's actions—cannot be determined until the results of the claims administration process have been presented to the Court. Like the assessment of attorney fees, evaluation of Lyngaas's entitlement to an incentive award must be deferred. His request for a $15,000 incentive award is presently denied, but he may renew the request within the timeframe the Court will establish after its review of the claims administrator's status report.

### C.  Litigation Costs

Class counsel has also requested payment of litigation expenses. However, several very substantial items—including $43,032 paid to Class-Setttlement.com—provide only very brief descriptions of the services rendered. Plaintiffs are ordered to submit itemized billing when they renew their motion for attorney fees, at which point litigation expenses will be considered.

## II.   CONCLUSION

Lyngaas's motion is granted in part and denied in part. Class counsel is entitled to reasonable fees and reasonable litigation costs. But the balance of the motion is denied without prejudice. Lyngaas may file a renewed motion for attorney fees, costs, and an incentive award in accordance with the timeframe that the Court will later establish.

SO ORDERED.

Dated:  September 3, 2020                              s/Mark A. Goldsmith
        Detroit, Michigan                             MARK A. GOLDSMITH
                                                      United States District Judge