UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LYNGAAS, D.D.S.,
individually and as the representative
of a class of similarly situated persons,

      Plaintiff,

v.

CURADEN AG, et al.,

      Defendants.
_____/

Case No. 17-10910

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**DENYING DEFENDANT CURADEN USA'S MOTION FOR A NEW CLAIMS ADMINISTRATION PROCESS (Dkt. 171)**

Before the Court is the motion of Defendant Curaden USA, Inc. (Curaden) for a new claims administration process (Dkt. 171) following the completion of the claims administration process already ordered by the Court. Curaden argues that the claims administration process was invalid because the Court lacked jurisdiction over the case following Defendants' filing of a notice of appeal. Plaintiff Brian Lyngaas, D.D.S., who filed this case individually and as the representative of a class of similarly situated persons, filed a response to Curaden's motion (Dkt. 172). For the reasons that follow, the Court denies Curaden's motion.[1]

**I. BACKGROUND**

Plaintiff brought this class action based on unsolicited faxes advertising dental products that Curaden and its parent, Curaden AG, allegedly sent to dental offices in violation of the Telephone Consumer Protection Act (TCPA) (Dkt. 1). The TCPA creates a private cause of action

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

1

enabling fax recipients to receive $500 in damages for each violation of the TCPA. 27 U.S.C. § 227(b)(3)(B).

Following a bench trial, the Court found that Curaden (but not its parent) was liable for violating the TCPA and ordered that a claims administration process be established so that an award amount could be fixed and eventually distributed to eligible class members. 11/21/19 Order at 35–39 (Dkt. 129). The Court subsequently granted Lyngaas's motion for judgment and approved various components of the claims administration process: the proposed claims form language, the claims period, the manner for submitting claims forms and affidavits, and the appointment of Class-Settlement.com as a claims administrator. 1/30/20 Order (Dkt. 145). The Court instructed the parties to file any objections to the claims administrator's rulings on claims within thirty days following completion of the claims administrator's determination of claims. Id. at 7.

The Court then entered a final judgment in favor of the class against Curaden "in an amount to be determined through the course of a claims administration process," the procedure for which the Court outlined in detail. See Final Judgment at 1–3 (Dkt. 146). The Court also stated: "The Court retains jurisdiction to enforce this Judgment. The Court's retention of jurisdiction over this action shall in no way affect the finality of this judgment." Id. at 4.

Additionally, the judgment stated that class counsel would have 28 days after the entry to file any motion seeking an award of attorney fees and costs to class counsel. Id. at 3. In accordance with this order, Lyngaas filed a motion for litigation expenses, attorney fees, and an incentive award (Dkt. 147).

Defendants then filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit (Dkt. 148).

2

After the attorney fees motion was filed (but before the Sixth Circuit had resolved the appeal), the Court held a telephonic status conference with counsel and issued an order finding that class counsel was entitled to a fee payment, but that "due to the uncertain nature of the case's result, it would be premature to determine how that payment will be calculated." 9/3/20 Op. & Order at 4 (Dkt. 157).[2] The order explained that, "[t]o facilitate the development of that record," the Court would enter a subsequent order "directing that a status report be filed by the claims administrator." Id. That subsequent order directed the claims administrator to file a status report; it also stated that, following its review of the status report, the Court would set a date by which a renewed motion for attorney fees must be filed. See 9/3/20 Order (Dkt. 158).

Lyngaas filed a declaration from the administrator of the claims process. See Decl. of Dorothy Sue Merryman (Doc. 159). This declaration stated that 919 class members claimed receipt of 1,815 total violative fax transmissions. Id. ¶17. Almost all of these class members (911) returned claims forms by the Court's deadline of May 1, 2020, while eight class members (claiming 16 violative transmissions) submitted forms between May 2 and September 30, 2020. Id. ¶¶ 16–17.

The parties had 30 days after the filing of claims administrator's findings to raise any objections, 1/30/20 Order at 7, but neither side did so. After receiving the status report, the Court held another telephonic status conference with the parties to discuss the status report and the motion for attorney fees.

---

[2] Specifically, the Court found that class counsel was entitled to attorney fees, but that the amount to which they were entitled was uncertain, id. at 4; that the Court could not yet determine whether or not Lyngaas was entitled to an incentive award for acting on behalf of the class because it was not yet clear the degree to which the class had benefited from Lyngaas's actions, id. at 5; and that class counsel was required to submit itemized billing before the Court could consider their request for litigation costs, id. The Court stated that it would later set a date by which Lyngaas could file a renewed motion for attorney fees, an incentive award, and litigation costs. Id.

3

The Sixth Circuit affirmed this Court's final judgment, Lyngaas v. Curaden AG, 992 F.3d 412, 438 (6th Cir. 2021), and it issued its mandate (Dkt. 163).

The Court ordered the parties to file a joint memorandum setting forth their positions on the next necessary steps (Dkt. 165), which the parties did (Dkt. 166). Lyngaas proposed that the Court should enter a money judgment in favor of the class and should set a deadline by which counsel is to file a renewed motion for attorney fees. Joint Mem. at 3–4. Defendants argued that the claims administration process was invalid because it occurred while this Court was divested of jurisdiction, id. at 4–7, an argument that Curaden reiterates in its present motion.

## II. ANALYSIS

The Court first considers Curaden's argument that the claims administration process was invalid because this Court had no jurisdiction following Curaden's filing of a notice of appeal. The Courts finds that the claims administration process was valid, and then fixes the amount of Curaden's liability to the class.

### A. Jurisdiction Over Actions Relating to Claims Administration Process

Curaden argues that "the claims administration process that Plaintiffs now want to use occurred when the Court was divested of jurisdiction and should not be recognized or used by this Court." Mot. at 6. Curaden's argument is mistaken.

The Court agrees with the general premise that "filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case." Fort Gratiot Sanitary Landfill v. Mich. Dep't of Natural Res., 71 F.3d 1197, 1203 (6th Cir. 1995). However, a notice of appeal "does not divest a district court of jurisdiction over matters collateral to the main cause of action." United States v. Gallion, 534 F. App'x 303, 309 (6th Cir. 2013) (punctuation modified).

Courts have routinely taught that the divestment of jurisdiction as to non-collateral matters has no bearing on a court's power to enforce its judgment. A "district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir. 1987) (punctuation modified). "[A]lthough a district court may not expand upon an order after the notice of appeal has been filed, it may take action to enforce its order in the absence of a stay pending appeal." Id.

And that power to enforce a judgment is unquestionably broad. Courts may order garnishments, levy execution, convene debtor examinations, and appoint receivers.[3] They may conduct hearings to pursue enforcement, see Blue Cross & Blue Shield Ass'n v. Am. Express Co., 467 F.3d 634, 638 (7th Cir. 2006), and hold individuals in contempt for failing to comply with post-judgment subpoenas, NLRB, 829 F.2d at 588.

Here, whatever was done in the claims process was done in furtherance of the judgment. This process was established pre-appeal to establish a mechanism for identifying eligible claimants. No new process or modified process was created post-judgment. The claims process did not "expand upon an order"; it simply effectuated the judgment. Curaden cannot and does not argue to the contrary.

What it does argue is that the claims administration process was "presented for Sixth Circuit review" and was not, therefore, "merely collateral." Mot. at 7. To be sure, on appeal,

---

[3] See, e.g., United States v. Onyeri, 996 F.3d 274, 282 (5th Cir. 2021) (dismissing challenge to district court's order permitting garnishment entered after filing of notice of appeal); Emmanouil v. Roggio, No. CIV.A. 06-1068 JAP, 2012 WL 2369422, at *2 (D.N.J. June 21, 2012) (discussing court's issuance of writ of execution for levy upon bank account following filing of notice of appeal); Braun Builders, Inc. v. Kancherlapalli, No. 09-11534-BC, 2011 WL 652799, at *4 (E.D. Mich. Feb. 14, 2011) (ordering defendant's participation in debtor's exam after denying motion to stay enforcement of the judgment pending appeal); Thomas, Head & Greisen Emps. Tr. v. Buster, 95 F.3d 1449, 1459 n.19 (9th Cir. 1996) (finding that district court had jurisdiction to appoint a receiver notwithstanding appeal of earlier default judgment).

Curaden argued that it was improper to establish a claims process because Lyngaas had failed to establish by admissible evidence the exact number of faxes sent class-wide. See Lyngaas v. Curaden, No. 20-1199, Curaden 3d Br. at 8 (Dkt. 31). The Sixth Circuit summarized this argument as follows: "[B]ecause Lyngaas failed to establish the precise number of individuals who received the faxes, the claims-administration process established by the court to afford class members relief is inappropriate." Lyngaas, 992 F.3d at 432. The Sixth Circuit rejected the argument, stating: "Contrary to Curaden USA's argument, the situation at hand—where there exists a target list of fax numbers that were sent the unsolicited fax advertisement—is precisely the type best handled through a claims-administration process." Id.

Curaden does not explain why its challenge to the claims process on appeal—which was ultimately unsuccessful—establishes that there was no jurisdiction to undertake that process during the pendency of the appeal. Where a party fails to explain an argument and supply authority—Curaden's failings here—a court need not attempt to supply the missing information. ECIMOS, LLC v. Nortek Glob. HVAC, LLC, 736 F. App'x 577, 585 (6th Cir. 2018) ("[I]t is [the party's] burden to tell us and make the argument because judges are not like pigs, hunting for truffles that might be buried in the record.") (punctuation modified). In any case, Curaden's attack on the claims process at the appellate level is no different than an appellant attacking an injunction on appeal. Such an attack does not undercut the effectiveness of the injunction when it has not been stayed. Matter of Campbell, 761 F.2d 1181, 1186 (6th Cir. 1985). So too here, Curaden's appellate attack on the claims process—when no stay of the process had been issued—did not deprive the Court of jurisdiction over that process.

6

With Curaden making no other objections to the claims administration process, see Mot. at 8, the Court concludes that there was no jurisdictional impediment to the process going forward during Curaden's appeal. And there is certainly no need to undertake it once again.

### B. The Amount of Curaden's Liability to the Class for Violations of the TCPA

The claims administration process determined that 919 class members claimed receipt of 1,815 total violative fax transmissions. Decl. of Dorothy Sue Merryman ¶17. Sixteen of these transmissions were submitted to the administrator through claims made after the Court's deadline for submission; but these claims were otherwise valid, and all were received within seven months of the claims forms' distribution to class members. Id. ¶¶ 16–17; Joint Mem. at 3.

Curaden had until 30 days after the filing of the claims administrator's findings to object to the inclusion of the late claims in the award. 1/30/20 Order at 7. Curaden did not raise any objections, and it communicated to the Court that it "has no reason to contest the results of the claims administration process as conducted beyond the jurisdictional issue as discussed." Mot. at 9. The Court, therefore, finds that the late-submitted claims are properly included in the award.

In addition, apart from the claims administration process, the Court has already determined that Lyngaas proved his receipt of two separate violative transmissions. 11/21/19 Order at 34.

Curaden is liable for $500 per violative transmission. See 27 U.S.C. § 227(b)(3)(B). Curaden is thus liable to the class for a total of $907,500, which is exclusive of the $1,000 liability to Lyngaas previously awarded in the judgment. Within 14 days, the parties must submit a proposed order or judgment regarding this liability if they can agree on the form and language of the document; otherwise, Plaintiffs must file a motion for entry.

## III.  CONCLUSION

For the reasons explained above, the Court denies Curaden's motion for a new claims administration process (Dkt. 171).  Curaden is liable to the class for $907,500, which shall be memorialized as stated above.

Lyngaas may file a renewed motion for attorney fees, an incentive award, and/or litigation costs within 21 days of the date of this order.

SO ORDERED.

Dated:  December 21, 2021           s/Mark A. Goldsmith
        Detroit, Michigan           MARK A. GOLDSMITH
                                    United States District Judge