IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN LYNGAAS, D.D.S., individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> CURADEN USA INC., <br><br> Defendant. | ) ) ) ) Case No. 17-cv-10910 ) ) Hon. Mark A. Goldsmith ) ) ) ) CLASS ACTION ) ) ) ) ) |

**PLAINTIFF'S AGREED MOTION FOR AN ORDER
PRELIMINARILY APPROVING THE PROPOSED CLASS ACTION
SETTLEMENT AND NOTICE TO THE SETTLEMENT CLASS**

Plaintiff, Brian Lyngaas, D.D.S. ("Plaintiff"), on behalf of himself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), pursuant to Fed. R. Civ. P. 23 (e), respectfully requests that the Court enter an order: (1) preliminarily approving the parties' proposed class action Settlement Agreement (the "Agreement") attached to Plaintiff's supporting brief as Exhibit A; (2) approving the form of class notice attached as Exhibit 2 to the Agreement and its dissemination to the Settlement Class by facsimile to the Class List and, for any facsimile that fails, by U.S. Mail; and (3) setting dates for opt-outs, objections, and a fairness hearing to take place no sooner than 90 days after the government officials receive the notice CAFA requires (to be served by defense

1

counsel no later than 10 days after this motion, which attaches the Agreement, is filed with the Court).

A proposed Preliminary Approval Order is attached as Exhibit 1 to the Agreement and will be submitted to the Court electronically. This motion is unopposed.

Plaintiff's brief in support follows this motion.

Dated: April 7, 2023    Respectfully submitted,

BRIAN LYNGAAS, D.D.S., individually and as the representative of a class of similarly-situated persons,

By: /s/ David M. Oppenheim
       One of his attorneys

Phillip A. Bock
David M. Oppenheim
BOCK HATCH & OPPENHEIM, LLC
203 N. La Salle St., Ste. 2100
Chicago, IL 60601
Tel: (312) 658-5500
Fax: (312) 658-5555

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN LYNGAAS, D.D.S., individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> CURADEN USA INC., <br><br> Defendant. | Case No. 17-cv-10910 <br><br> Hon. Mark A. Goldsmith <br><br> CLASS ACTION |

**BRIEF IN SUPPORT OF AGREED MOTION
FOR AN ORDER PRELIMINARILY APPROVING
THE PROPOSED CLASS ACTION SETTLEMENT
AND NOTICE TO THE SETTLEMENT CLASS**

Plaintiff, Brian Lyngaas, D.D.S. ("Plaintiff"), on behalf of himself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests that the Court issue an indicative ruling pursuant to Rule 62.1 that it will preliminarily approve the proposed class action settlement (Exhibit A), pursuant to Rule 23 (e), and ultimately do so, and, in support thereof, states as follows:

## STATEMENT OF THE ISSUES

Whether the settlement embodied in the Settlement Agreement is "fair, reasonable, and adequate" for the absent class members.

1

Whether the contents of the Class Notice proposed by the Parties are clear and concise, and meet the requirements of Rule 23 (c) (3).

Whether the proposed method for sending the Class Notice is reasonable, as required by under Rule 23 (e) (1).

## CONTROLLING AUTHORITY

- Federal Rule of Civil Procedure 23;

- *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615 (6th Cir. 2007);

- *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188 (6th Cir. 1974).

## ARGUMENT

**I.  Background of the litigation.**

As the Court is aware, Plaintiff's Class Action Complaint alleges that Defendant sent unsolicited advertisements by facsimile to Plaintiff and others in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Following written and oral discovery, by Order dated May 23, 2019, the Court granted Plaintiff's motion for class certification and denied Defendant's motion for summary judgment.

On January 30, 2020, following a bench trial and findings of fact and conclusions of law, the Court issued a judgment in favor of Plaintiff and each member of the litigation class who would affirm receipt of the facsimiles at issue

against Defendant, but issued a judgment in favor of Curaden AG, holding it not liable. The Court ordered that a claims process be utilized to afford the class members an opportunity to establish receipt of the unsolicited faxes. On August 31, 2022, following a claims process, the Court entered a final judgment (the "Judgment") in favor of Plaintiff and the 919 other members of the litigation class who affirmed receipt of Defendant's facsimiles and against Defendant in the amount of $907,500.

Defendant appealed the Judgment. As part of that appeal process, the parties engaged in a settlement conference with Scott Coburn of the Sixth Circuit Mediation Office in efforts to reach a class-wide settlement and then continued negotiating toward this settlement.

Significantly, Defendant has shared financial data with Plaintiff to consider and evaluate Defendant's contention that it has only a limited ability to pay the 2022 Judgment. Plaintiff has concluded that Defendant has a very limited ability to pay a judgment or settlement. Much of its continued ability to survive depends on voluntary funding provided by Curaden AG, funding that would not be available in an adversarial collection process. These considerations loomed large in reaching the instant settlement.

The Parties have negotiated a formal, written settlement agreement, drafted proposed court orders, and drafted a proposed notice to the absent class members; and now they submit their Agreement to the Court.

## II.  Summary of the settlement.

If finally approved by the Court after notice to the Settlement Class, the settlement would resolve this action and the controversy about Defendant's advertisements sent by fax in March 2016 (the "Class Period"). As noted, Plaintiff and Defendant negotiated the settlement with the assistance of Scott Coburn of the Sixth Circuit Mediation Office in a mediation and after reviewing and analyzing the legal and factual issues presented by this action, the risks and expenses involved in pursuing the lawsuit and appeal to conclusion, the likelihood of additional litigation, and the likelihood, costs, and possible outcomes of efforts to collect the Judgment. Based upon their review and analysis, Plaintiff and Defendant agreed to and executed the Agreement.

The Agreement's key terms are as follows:

    a.    <u>Certification of a Settlement Class</u>. The Parties have stipulated to certification of a Rule 23 (b) (3) "Settlement Class" defined as: "All persons or entities subject to the August 31, 2022, Judgment entered in favor of those persons or entities who were successfully sent one or more facsimiles in

4

March 2016 offering the Curaprox "5460 Ultra Soft Toothbrush" for ".98 per/brush" to "dental professionals only." *See* Agreement, Exhibit A, at ¶ 2.

    b.    <u>The Class Representative and Class Counsel</u>. The parties have agreed that Plaintiff shall be the Class Representative and that Plaintiff's attorneys (Phillip A. Bock and David M. Oppenheim of Bock Hatch & Oppenheim, LLC and Richard J. Shenkan of Shenkan Injury Lawyers, LLC) shall be Class Counsel for the Settlement Class. *Id*. at ¶¶ 4.

    c.    <u>Settlement Fund</u>. Defendant will pay a settlement fund of $287,500.00 (the "Settlement Fund"). The Settlement Fund will be paid to the class members who previously submitted an approved Claim Form and are thus included in the Judgment. Each will be paid a share of the Settlement Fund—less amounts awarded for attorney's fees, expenses, and an incentive award to Plaintiff (the "Net Settlement Fund")—for each fax they received. *Id.*, ¶ 12. If the Court approves the amounts sought for attorney's fees, expenses, and incentive award, the payment amount will be $77.69 per fax.

    d.    <u>Settlement Administrator</u>. Subject to the Court's approval, an experienced, independent, and professional settlement administrator named Class-settlement.com will be the "Settlement Administrator," and will issue the class notice and issue the settlement checks and other payments from the Settlement Fund. *Id.*, ¶ 7.

5

  e. <u>Class Notice</u>. The parties have agreed to notify the Settlement Class about the settlement by facsimile. If the facsimile to any class member is unsuccessful after three attempts, the Settlement Administrator shall send the notice to that class member by mail to the address on file for that class member, after updating it with the National Change of Address Database. The notice includes instructions about opting out or objecting, and includes Class Counsel's direct dial telephone numbers for people to call with questions. *Id.*, ¶ 10 and Exhibit 2 thereto.

  f. <u>Release</u>. The Settlement Class will release all claims that were brought or which could have been brought in this action about Defendant's advertisements sent by fax. *Id.*, ¶ 18.

  g. <u>Attorney's Fees and Costs and Class Representative Award</u>. As indicated in the Class Notice, Class Counsel will request that the Court approve and award to Class Counsel from the Settlement Fund attorney's fees equal to $47,001.87 (25% of the Settlement Fund less litigation expenses and incentive award), plus out-of-pocket expenses in the amount of $96,490.78 (which includes the cost of settlement administration). Class Counsel will also ask the Court to approve a payment of $3,000 from the Settlement Fund for Brian J. Lyngaas, D.D.S., for serving as the Class Representative. *Id.*, ¶ 10.

6

**III.  The Court should preliminarily approve the settlement.**

  **A.  The proposed settlement is within the range of possible approval.**

A district court's review of a proposed class action settlement is a two-step process. The first step is to hold a preliminary fairness hearing prior to notifying the class members about the proposed settlement. *Tennessee Ass'n Health Mntce. Orgs. v. Grier,* 262 F.3d 559, 565-66 (6th Cir. 1983). The purpose of that preliminary hearing is to determine whether the proposed settlement is "within range of possible approval." *In re General Motors Corporation Engine Interchange Litigation*, 594 F. 2d 1006, 1124 (7th Cir. 1979). The second step is to hold a final approval hearing after notice to the absent class members, at which time the Court can consider any objections lodged by class members or a government official pursuant to CAFA, before deciding whether to approve the settlement and enter judgment. The Sixth Circuit has held that the appropriate preliminary approval determination is "whether the compromise embodied in the decree is illegal or tainted with collusion." *Tenn. Ass'n Health Mntce. Orgs*, 262 F.3d at 565. That the standard for preliminary approval is less stringent than for final approval allows the class members to be heard on the merits of a settlement.

  **B.  Standard for judicial evaluation and approval.**

A court may approve a class action settlement that "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1) (C); *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th

7

Cir. 2007). There is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See Int'l Union,* 477 F.3d at 632 (noting "the federal policy favoring settlement of class actions"). If the court finds that the settlement falls "within the range of possible approval," the court should grant preliminary approval and authorize the parties to notify the class members about the settlement. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

### C. Factors considered in finally determining whether a settlement is fair, reasonable, and adequate.

In *finally* determining whether the settlement is fair, reasonable, and adequate, the trial court will consider the following factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and the class representatives; (6) the reaction of absent class members; and (7) the public interest." *Brent v. Midland Funding, LLC,* 2011 WL 3862363 at *12 (N. D. Ohio 2011), *citing Int'l Union,* 497 F.3d at 632.

At the *preliminary* approval stage, "only certain of these factors are relevant to the fairness inquiry." *Smith v. Ajax Manethermic Corp.,* 2007 WL 3355080 at *6 (N.D. Ohio 2007). "In its preliminary assessment of the fairness of the proposed settlement, the Court must take care not to intrude upon the private settlement negotiations of the parties any more than is necessary to determine that the agreement is not the result of fraud or collusion, and that it is fair and adequate in

8

light of the potential outcome and the costs of litigation." *Id.*, *citing Inter-Op Hip Prosthesis Liab. Litig.,* 204 F.R.D. 330, 351 (N.D. Ohio 2001). In this case, these factors show that the proposed settlement is within the range of possible approval and, therefore, that the Court (a) should permit the parties to notify the Settlement Class and (b) should schedule a fairness hearing to determine whether to finally approve the settlement.

Federal Rule 23 (e) (2), which went into effect December 1, 2018, requires that: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Here, all of these factors show the settlement should be approved. These factors are satisfied here.

With assistance from the Sixth Circuit mediator, the settlement here resulted from arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case. "[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court

9

should presume it is fair." *In re Inter-Op,* 204 F.R.D. at 351, *citing Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983).

Class action litigation is time consuming in terms of both pretrial and trial work. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent,* 2011 WL 3862363 at *16, *quoting In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000). This case is no exception. Without settlement, Defendant planned to continue its appeal and says it agreed to settle only to avoid the distraction and expense of defending the litigation. There are risks attendant to further litigation in this matter, and substantial delay and expense.

In addition to the risk of losing, continued litigation would delay the class members' receipt of any recovery. The proposed settlement offers fair, reasonable, and adequate compensation now, avoiding further risk and delay.

The Judgment is for $907,500. The settlement is for approximately 32% of that amount. That reduction is justified almost entirely on Defendant's ability to pay and Plaintiff's corresponding inability to collect. Curaden AG has already won judgment in its favor and is not liable for faxes sent by Curaden US (the only faxes at issue). Confidential balance sheets (Defendant would make available to the Court) and an understanding of the business entities and relationships and business, combined with the fact that Curaden AG has already won a judgment in its favor and

is not liable for faxes sent by Curaden USA (the only faxes at issue), informs Class Counsel that the settlement is fair, reasonable, and adequate, and that Curaden AG is likely paying the entire sum, for undisclosed business reasons, to resolve the controversy.

The settlement provides the class members/judgment creditors $77.69 per fax to avoid uncertainty and receive money now. And that is before assigning any risk to the merits of Defendant's appeal, which if successful would add additional elements of uncertainty and delay.

Plaintiff's attorneys believe this settlement is fair, reasonable, and adequate. Plaintiff's attorneys have litigated TCPA class actions since 2003. This Court and others have appointed them class counsel in TCPA cases, as well as in other types of class actions. *See, e.g., American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich.), *affirmed by* 757 F.3d 540 (6th Cir. 2014); *Avio, Inc. v. Alfoccino, Inc.*, Case No. 10-CV-10221 (E.D. Mich.); *APB Associates, Inc. v. Bronco's Saloon, Inc., et al.*, Case No. 09-CV-14959 (E.D. Mich.); *Compressors Engineering Corp. v. Manufacturers Financial Corp. et al.*, Case No. 09-CV-14444 (E.D. Mich.); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich.); *Compressors Engineering Corp. v. Thomas*, Case No. 10-CV-10059 (E.D. Mich.); *Imhoff Investments, LLC v. Sammichaels, Inc.* Case No. 10-CV-10996 (E.D. Mich.); *Van Sweden v. 101 VT, Inc.*, Case No. 10-CV-253

(W.D. Mich). *See also Hawk Valley v. Taylor*, Case No. 10-CV-804 (E.D. Pa.); *Hinman v. M&M Rental, Inc.*, Case No. 06-CV-1156 (N.D. Ill.); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08-CV-5953 (N.D. Ill.).

Based upon the foregoing, and the judgment of experienced Class Counsel, Plaintiff requests that the Court preliminarily approve the settlement.

**IV.   At final approval, as provided in the Agreement, Class Counsel will ask the Court to approve and award attorney's fees and expenses to Class Counsel and an incentive award to Plaintiff.**

At final approval, Class Counsel will request that the Court approve Defendant's agreement to pay them attorneys' fees equal to 25% of the Settlement Fund after subtracting the reimbursement of previously-approved expenses. Collateral to the Judgment, the Court previously ruled on Class Counsel's fee petition (Dkt. 183). In that Order, the Court awarded as fees 25% of the judgment amount, after subtracting expenses and incentive award of $3,000 to Dr. Lyngaas. Likewise, the settlement seeks fees of 25% of the collected fund, after reimbursement of the expenses the Court previously approved and the same $3,000 incentive award to Dr. Lyngaas. *Id.*

It is well recognized that the attorneys' contingent risk is an important factor in determining the fee award. *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974); *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th

Cir. 1994). Moreover, the attorneys who create a benefit for the class members are entitled to compensation for their services. *Brent,* 2011 WL 3862363 at *19.

Class Counsel undertook this case on a contingency basis. Class Counsel faced a significant risk of nonpayment, not only for their time but also for their out-of-pocket costs. The Class Notice informs the Settlement Class about the requested attorneys' fees and expenses, so that if any class member wishes to object he/she/it can do so.

As noted, at final approval, Class Counsel will also request that the Court approve a payment of $3,000 from the Settlement Fund to Plaintiff (Dr. Lyngaas) for serving as the Class Representative. This is the amount the Court previously approved. (Dkt. 183). Such awards are appropriate to reward class representatives who have pursued claims on behalf of the class. *Moulton v. U. S. Steel Corp.,* 581 F.3d 344, 351-52 (6th Cir. 2009); *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding whether such an award is warranted, relevant factors include the actions the Plaintiffs has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the Plaintiffs expended in pursuing the litigation." *See Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998).

**V.     The Court should approve notice to the Settlement Class.**

The parties propose to issue notice to the Settlement Class by facsimile, and by U.S. Mail to any class member to whom fax notice fails. A copy of the proposed notice is attached as Exhibit 2 to the Agreement.

Notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner and content of the notice. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005). Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a reasonable manner."

Here, the parties have agreed to a reasonable manner of notice by sending it by facsimile (with a backup of mail) to the persons who have previously affirmed that Defendant sent them the faxes. The notice is intended to advise them of the proposed settlement, their options, and the date of the final hearing, and informs them that if the Court approves the settlement then the settlement administrator will sent their check to the address on file or to a new address the class member provides.

The contents of a class action settlement notice "must clearly and concisely state in plain, easily understood language: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires;

14

(5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(3)." Here, the proposed settlement notice is the third class notice sent to these class members and it satisfies the foregoing requirements.

Because the notice meets the legal standards for appropriate notice and satisfies Rule 23(e), Plaintiff respectfully requests that the Court approve it and authorize its dissemination to the Settlement Class.

### VI. Plaintiff requests that the Court schedule a final fairness hearing.

Plaintiff requests that the Court schedule a hearing at which it can inquire of the parties as it deems warranted and hear objections to the proposed settlement, if any, before determining whether the settlement should be finally approved. The Class Notice will advise class members about the date and time of the hearing, and whether class members can attend or view the proceedings remotely. A proposed Final Approval of Agreement and Judgment is attached as Exhibit 3 to the Agreement.

### VII. Conclusion.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Preliminary Approval Order in the form attached as Exhibit 1 to the Agreement, granting preliminary approval of the proposed settlement, directing that the members

15

of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing. The final approval hearing should be on a date no sooner than 90 days after the government officials receive the notice required by CAFA.

Dated: April 7, 2023

Respectfully submitted,

BRIAN LYNGAAS, D.D.S.,
individually and as the representative of
a class of similarly-situated persons,

By: /s/ David M. Oppenheim
      One of their attorneys

Phillip A. Bock
David M. Oppenheim
BOCK HATCH & OPPENHEIM, LLC
203 N. La Salle Street, Suite 2100
Chicago, IL 60601
Telephone: (312) 658-5500
Fax: (312) 658-5555

Richard Shenkan
SHENKAN INJURY LAWYERS, LLC
6550 Lakeshore St.
West Bloomfield, MI 48323
Telephone: 412-716-5800
Fax: 888-769-1774

## CERTIFICATE OF E-FILING AND SERVICE

I hereby certify that on April 7, 2023, I electronically filed the foregoing using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

s/ David M. Oppenheim